McKinney and another vs. Jones and another.

*February 28 — March 13, 1883.*

*Modification of judgment, after affirmance, unauthorized.*

A judgment for the strict foreclosure of a land contract directed that the defendants pay the sum due on the contract together with the costs of the action within one year, or that in default of such payment they be deemed to have abandoned and given up to the plaintiffs all right and title to the land. The judgment was affirmed by this court. Payment not having been made within the

year, the plaintiffs took possession of the land. Subsequently the circuit court ordered that the plaintiffs have execution upon the judgment for the costs of the action. *Held*, that such order was in effect, a modification of the judgment and was unauthorized.

APPEAL from the Circuit Court for *Grant* County.

The case is thus stated by Mr. Justice CASSODAY:

" The plaintiffs obtained judgment of strict foreclosure of a land contract, upon which the defendants had paid $900. The judgment was entered in the circuit court, February 26, 1880, and in effect adjudged and determined that the defendants pay to the plaintiffs, or their attorney, within one year from the date thereof, the sum of $2,183.34, being the amount due on said contract for principal and interest at ten per cent. from February 20, 1880, together with the costs and disbursements of the plaintiffs in the action, to be taxed by the clerk, and which were then taxed by him at $64.61; and that, in default of such payment within one year from the date thereof, the defendants and all persons claiming under them, or either of them, since the filing of the notice of the pendency of the action, be and thereby were deemed to have abandoned and given up to the plaintiffs all right, title, and interest in and to the land described, and all right of action upon or growing out of said contract, and stand and be absolutely debarred and foreclosed of and from all right, claim, lien, interest, and equity of redemption in and to said land; and that the plaintiffs, upon application to the court and proof of such default, have an order declaring said judgment absolute, and such writ of assistance therein as should put the plaintiffs in possession of said land. That judgment was affirmed on appeal to this court. 55 Wis., 39. The money was not paid within the year, and the plaintiffs thereupon, and after the affirmance of the judgment by the court, took possession. Subsequently, and on June 27, 1882, the circuit court, on application of the plaintiffs, ordered that the plaintiffs have execution upon the judgment against

McKinney and another vs. Jones and another.

the defendants for the amount of the costs taxed and included in the judgment, and the clerk was thereby directed to issue the same.   From that order this appeal is brought."

For the appellants there was a brief by *Bushnell, Clark & Watkins,* and oral argument by *Mr. Bushnell.*

*Alexander Provis,* of counsel, for the respondents.

CASSODAY, J.   By the terms and conditions of the judgment, the defendants could only retain the land by paying to the plaintiffs, not only the principal sum and interest, but also the costs and disbursements as taxed. . The judgment gave them the option of paying the amount due, and the costs and disbursements, or to lose the land and the $900 which they had previously paid upon the contract.   Having failed to make the payment they were compelled to submit to the other alternative.   The defendants having lost the land and the money they had previously paid upon the contract, the court, by the order in question, directed execution to compel them, in addition, to pay the amount of costs and disbursements as taxed in the judgment.   This was, in effect, an attempt to modify the judgment by compelling the defendants to pay the costs and disbursements, whether they paid up and thereby secured the land, or lost the land and what they had paid upon the contract.   Certainly the judgment does not so provide, but otherwise.   The plaintiffs having successfully resisted the attempt of the defendants to reverse the judgment on their appeal to this court, were in no position to have the terms and conditions of the judgment changed and made more favorable to themselves by an order of the circuit court, made more than two years after the judgment was entered, and some months after such affirmance.   Such was the effect of the order appealed from, and we are clearly of the opinion that it was made without authority.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.