No. 14,070.

TRENTMAN ET AL. *v.* NEFF ET AL.

REAL ESTATE.—*Deed.*—*Description.*—Real estate was conveyed by the following description: "One-eighth of the undivided one hundred and forty-one and one-half acres of land, known as the 'Old John Whiteneck farm,' in Waltz township, Wabash county, State of Indiana, to wit: Reserve No. 4, section 31, township 26 north, of range 7 and 6."

*Held,* that the description was not void for uncertainty, it appearing from the evidence that the grantor owned an undivided one-eighth interest in one hundred and forty-one and one-half acres of land in said reserve, and that the one hundred and forty-one and one-half acres was known as the "Old John Whiteneck farm."

PLEADING.—*Must Proceed on Particular Theory.*—A pleading must rest upon some particular theory, and be sufficient upon that theory.

From the Wabash Circuit Court.

*C. N. Stephenson, A. Taylor, M. H. Kidd* and *N. G. Hunter,* for appellants.

BERKSHIRE, C. J.—This action was commenced by the appellants, other than John H. Whiteneck, by the filing of a creditor's bill against the appellees, the said John H. Whiteneck and others. The said John H. Whiteneck filed a cross-complaint alleging the same facts substantially that are charged in the complaint.

Issue having been joined on the complaint and cross-complaint, the cause was submitted to the court for trial, and after the evidence had been introduced and argument of counsel heard, the court made its finding for the appellees.

The appellants, other than the said John H. Whiteneck, filed their motion for a new trial, and he filed a like motion, which motion the court overruled, and the proper exceptions were taken, and the court rendered judgment for the appellees, from which judgment this appeal is taken.

The only specifications in the assignment of error urged in the briefs of counsel representing the appellants are those which call in question the rulings of the court in overruling the said motions for a new trial. The motions for a new trial state but two reasons therefor: 1. The finding of the court is not sustained by sufficient evidence. 2. Its finding is contrary to law.

Counsel for the appellants confine their argument to the first stated cause.

We are without the benefit of a brief from the appellee; this is hardly excusable in a case of so much importance. Having succeeded in the court below the appellees should have felt sufficient interest in maintaining its judgment as not to have placed this court at the disadvantage of passing upon the questions involved without an argument in their behalf.

In considering the question involved we must keep in mind the nature of the action and the relief demanded.

The appellants were judgment creditors of the appellee William G. Whiteneck; Millie Whiteneck, another of the appellees, was his wife; the said William was the owner of and held the legal title to certain real estate; he and his wife executed a conveyance by the following description to one Benjamin F. Ellis for said real estate: " One-eighth of the undivided one hundred and forty-one and one-half acres of land, known as the ' Old John Whiteneck farm,' in Waltz township, Wabash county, State of Indiana, to wit: Reserve No. 4, section 31, township 26 north, of range 7 and 6."

Ellis executed a conveyance to the said Millie Whiteneck at the same time for the said real estate by a like description.

Afterwards the said William and Millie conveyed the said real estate to the appellee Mary A. Neff by a description which is conceded to be amply sufficient; at the time the first two conveyances were executed the appellants had not obtained their judgments, but had obtained them before the execution of the last of said conveyances.

It has been often held by this court that whatever the character of the pleading it must rest upon some particular theory, and must be sufficient upon that theory.

As we understand the complaint in this action, it proceeds upon the theory that the real estate of which the said William G. Whiteneck was the owner, was conveyed in fraud of creditors, and hence we in the beginning referred to it as a creditor's bill.

It is true it gives the description of the land as set forth in the deeds from the said William and Millie Whiteneck to the said Benjamin F. Ellis, and from him to the said Millie, and avers that because of the uncertainty therein the said conveyances were ineffectual to convey title; but when the pleading is considered as an entirety it is evident that it was drafted upon the theory that Mrs. Neff was not a good-faith purchaser, and that she held the real estate subject to the judgments of the appellants, and upon this theory the cross-complaint was drafted. Resting upon this theory the com-

plaint states a good cause of action, but not upon any other theory, as will hereafter appear.

After giving a careful consideration to the evidence as we find it in the record, we are led to the conclusion that there was abundant evidence for the court to rest its conclusion upon that Mrs. Neff was a good-faith purchaser for a valuable consideration, even if it be conceded that the conveyances to Ellis and to Mrs. Whiteneck were tainted with fraud.

But suppose it be conceded that the complaint counts on the alleged uncertainty of description found in the deeds to Ellis, and to Mrs. Whiteneck, and waiving all questions as to whether or not the deed of William and Millie to Mrs. Neff, by a good description, and for a valuable consideration, would cure the infirmity, it is our opinion that the complaint is bad.   In the first place, if the legal title was in William Whiteneck, as it would have been if the said conveyances were void for uncertainty in the description given of the real estate as contended, the appellants' plain and simple remedy was to take out an execution and levy upon the land, and not by an appeal to a court of equity.

But it is not our opinion that the description in the said conveyances contained is void for uncertainty.

It already appears in this opinion, and it is not necessary to give it again.   .

We think there was sufficient in the description, aided as it might be by parol evidence, to convey an undivided one-eighth interest located in the section, town, and range therein given.

It appears from the evidence that the said William S. Whiteneck, when he and his wife conveyed to Ellis, owned an undivided one-eighth interest in $141\frac{1}{2}$ acres of land situated in the reserve and section named, and that he owned no interest in any other tract containing the same number of acres, or approaching near to that number ; it appears, also, from the evidence that John Whiteneck, the father of the

said William, died seized of the 141½ acres of land in which the said William held said undivided interest, and that the same, except 4½ acres which she thereafter purchased, was set off in a partition proceeding to Lucy, the widow of John, and the mother of William, and that William held said undivided interest therein by inheritance from his said mother; and it further appears in evidence that the said 141½ acres was known as the " Old John Whiteneck farm "—as the old home place; John H. Whiteneck, one of the appellants, so testifies; and it so appears from the description; as given in the complaint, which all parties concede is an accurate description.

The two descriptions are substantially the same, except that the description in the deed to Ellis and to Mrs. Whiteneck does not give the metes and bounds.

We find no error in the record.

Judgment affirmed, with costs.

Filed June 7, 1890; petition for a rehearing overruled Sept. 17 1890.