Tewksbury *v.* Howard *et al.*

The judgment is affirmed.

Filed June 6, 1893; petition for rehearing overruled May 11, 1894.

No. 16,650.

TEWKSBURY *v.* HOWARD ET AL.

DESCRIPTION.—*Real Estate.—Omission of State.—Parol Evidence.— Judicial Notice.*—Where the description of land is complete in every respect, except the county and State wherein the land is situated is omitted, the description being by section, township and range, the court takes judicial notice that there could be but one such description in this State, the fact that the land is located in this State may, under proper averments in the complaint to that effect, be proven by parol.

CONTRACT.—*Agent.—Parol Authority to Sign.—Parol Evidence.—Specific Performance.*—Where a contract for the sale and conveyance of land is made, and signed by one person (A) as owner, and the complaint for specific performance discloses the fact that the land was held in common by A and several others, and alleges that A signed the contract for himself and for such other owners as their authorized agent, the authority of A to sign the contract may be proven by parol.

Tewksbury *v.* Howard *et al.*

PRACTICE.—*Judgment Based on One Paragraph of Complaint.—Rulings on Other Paragraphs Not Available Error.*—Error can not be predicated upon a paragraph of complaint, where the special findings show that the judgment is based upon another paragraph óf the complaint.

ESTOPPEL.—*Contract.—Real Estate.—Conveyance.—Waiver.*—Where a grantee of real estate procures the conveyance to be made in a manner different from that stated in the contract for conveyance, he can not thereafter object that the contract in that respect was not complied with.

HARMLESS ERROR.—*Sustaining Demurrers to Paragraphs of Answer.—Same Facts Probable Under General Denial.*--Sustaining demurrers to paragraphs of answer is not available error, if error at all, where the same facts are provable under the general denial, which is pleaded.

TITLE.—*By Adverse Possession.—A Marketable One.—Quieting Title.*—Title by adverse possession is as high as any known to the law, and is a marketable title, and a decree quieting the title is only a confirmation of the title so held.

SPECIAL FINDING.—*Motion to Strike Out or to Make More Specific.—Practice.—New Trial.*—A motion addressed to a special finding, either to make more specific or to strike out, etc., is not authorized by any rule of practice, the remedy for any such defects being by motion for new trial. ·

JUDGMENT.—*Form Not Objected to in Trial Court.—Supreme Court Practice.*—Where no motion to modify a decree was made in the trial court, the form of the decree can not be objected to on appeal.

PARTIES. — *Defendant.—Specific Performance.—Contract.—Conveyance.*—Where A entered into a contract with B to convey to him certain lands, and upon request of B, A made the deeds to both B and his wife, and tendered the same to B, which were refused, the wife was not a necessary party defendant in a suit for specific performance.

From the Wells Circuit Court.

*A. L. Sharpe, C. E. Sturgis, E. R. Wilson* and *J. J. Todd,* for appellant.

*L. Mock, L. B. Simmons, J. Morris, Sr., R. C. Bell, J. M. Barrett* and *S. L. Morris,* for appellees.

HACKNEY, J.—This was a suit by the appellees to enforce specific performance of a contract in writing, as follows: ."Article of agreement made and entered into

Tewksbury *v.* Howard *et al.*

on the 2d day of June, 1890, by and between L. L. Howard, of the first part, and Hiram Tewksbury, of the second part, witnesseth that said first party has this day sold to the said second party the following described real estate:    The east half of the southeast quarter, and the east half of the northeast quarter of section thirty-six (36), township twenty-five (25), range eleven (11) east, for the sum of eight thousand dollars ($8,000); one-third to be paid cash down, one-third in six months, and one-third in eighteen months.    The party of the first part agrees to make the party of the second part a good warrantee deed as soon as due diligence will permit.    The party of the second part agrees to give his obligations for deferred payments with interest at the rate of six per cent. per annum, and one-third in cash on receipt of the deed.

Witness our hands and seals this day and year above written. ·                    L. L. HOWARD.

                    "HIRAM TEWKSBURY."

The amended complaint, upon which there was issue and trial, was in three paragraphs.    Demurrers were overruled, issues formed, trial and finding against the appellant.    The first question upon the sufficiency of the several paragraphs of complaint arises upon the statute of frauds.    As seen from the contract, the county and State of the location of the land are not named, and it is insisted that this omission is fatal, and may not be cured by allegations of ownership, possession, situation of the parties, and dealings with reference to a tract of that description within the county of Wells, and State of Indiana.

The rule often recognized in this State is, that where the description given is consistent, but incomplete, and its completion does not require the contradiction or alteration of that given, nor that a new description should

be introduced, parol evidence may be received to complete the description and identify the property.     *Colerick* v. *Hooper*, 3 Ind. 316;   *Maggart* v. *Chester*, 4 Ind. 124; *Torr* v. *Torr*, 20 Ind. 118;   *Guy* v. *Barnes*, 29 Ind. 103; *Baldwin* v. *Kerlin*, 46 Ind. 426;   *Calton* v. *Lewis*, 119 Ind. 181;   *White* v. *Stanton*, 111 Ind. 540;  *Weaver* v. *Shipley*, 127 Ind. 526.

It is so held elsewhere, and is applied where the State, county, city or town has been omitted.     *Briggs* v. *Munchon*, 56 Mo. 570; *Hurley* v. *Brown*, 98 Mass. 545; *Mead* v. *Parker*, 115 Mass. 413;   *Atwater* v. *Schenck*, 9 Wis. 151.     See, also, Reed Statute of Frauds, 414, (416); Browne Statute of Frauds, 393, and Waterman Specific Performance, 322.

Extraneous facts are alleged in each paragraph sufficient to identify the land described in the contract.

We do not place our conclusion upon the rule adhered to in *Noland* v. *State, ex rel.*, 115 Ind. 529; *Bryan* v. *Scholl*, 109 Ind. 367; *Stockwell* v. *State, ex rel.*, 101 Ind. 1; *Smith* v. *Clifford*, 99 Ind. 113, holding that location may be inferred from the residence of the parties, the place of acknowledgment and the like, appearing upon the face of the instrument.     Here the description is full and specific, omitting only the State and county, and when we apply our knowledge that there is but one such tract—as to section, township and range—in the State of Indiana, we have but to identify the tract described as within the State of Indiana.     This, under the rule we have stated, may be done.

The cases urged as supporting the appellant's contention upon this point, are *Miller* v. *Campbell*, 52 Ind. 125, where the only description was, "One hundred and twenty acres of land in Shannon county, Missouri"; *Baldwin* v. *Kerlin, supra*, where no description was given, and where an erroneous location was stated and was

sought to be modified; *Pulse* v. *Miller*, 81 Ind. 190, where no description whatever was given.

That these cases do not apply here is apparent from a mere statement of their character, and illustrate the rule that a description can not be supplied by parol.

It will be observed that the contract is signed by L. L. Howard, and not by Jane, Samuel, Harvey, Robert G., Thomas B. and William Howard, who are appellees, and were, with the appellee Lewis L. Howard, plaintiffs in the circuit court. This fact is said to vitiate the contract under the allegations of the several paragraphs of the complaint, that at the time of the making of said contract all of the appellees owned said lands. But it was further alleged that the contract was executed by said Lewis L. Howard as the authorized agent for and on behalf of his coappellees, and in denial of the force of this allegation appellant asserts that the contract was required to be in the name of the principals, and to disclose the relation of the agent to the contract, and that the true relation could not be shown by parol. This contention has been held to be unavailing in a case involving this exact question. *Roehl, Admr.*, v. *Haumesser*, 114 Ind. 311. See, also, in addition to the authorities cited in the case last referred to, the case of *Briggs* v. *Munchon, supra.*

It may be regarded as doubtful if the appellant should be permitted to deny the authority of the agent or the existence of the agency, since it was made to appear further that the appellees executed sufficient deeds of warranty to the appellant, and not only tendered them, but took them into court with their complaint.

Objection is made to the second paragraph of complaint because of the allegation therein that Robert G. Howard, appellees' ancestor, had owned the lands and had died testate, devising the lands to the appellees; and

that he left other heirs than the appellees, while there is
no allegation of the probate of the will of said Robert G.
Howard.    There are other sufficient answers to this ob-
jection, but we deem it ample to say that the pleading
shows the execution of deeds to the appellant by all of
the heirs and devisees of the said Robert G. Howard,
thereby granting a title complete without regard to the
will. . However, it appears from the record and special
finding of facts, that the judgment of the court was upon
the facts pleaded in the amended third paragraph of
complaint, and in that paragraph the probate of the will
and the full payment of all of the debts of the estate are
averred.    This being true, if the third paragraph was
sufficient, no error could be predicated upon the ruling
upon demurrer to the second paragraph of complaint.
*Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Cincinnati,
etc., R. W. Co.* v. *Gaines*, 104 Ind. 526; *Lime City, etc.,
Ass'n* v. *Black*, 136 Ind. 544.

An objection to the third paragraph of complaint, in
addition to those already considered, is that it does not
allege that there was no administration of the estate of
said Robert G. Howard.    The presence of· such an alle-
gation could lend no strength to the title of the appel-
lees, and its absence betrayed no weakness in that title.

The rule of the case of *Finnigan* v. *Finnigan*, 125 Ind.
262, where an heir sought to recover a debt due to his
ancestor's estate, has no application here.    There the
absence of administration was held necessary to support
the heir's title to the claim as against the senior title of
an administrator on behalf of creditors.    When the debts
of an estate are paid, no claim of creditors exists for en-
forcement against the land.

Another objection to this paragraph of the complaint
and the other two paragraphs is that it is alleged that at
the request of the appellant several deeds were executed

by the heirs and devisees of said Robert G. Howard to the appellant and his wife, instead of a joint deed or a deed from Lewis L. Howard alone, after procuring conveyances to himself, and instead of a deed or deeds to the appellant alone. It is true that, by the terms of the contract, a conveyance was to be made by L. L. Howard to Hiram Tewksbury, but the objection that the conveyance was not so made does not affect the validity of the contract, nor does the request of the appellant and the compliance therewith constitute a parol modification of the contract, as insisted. These acts of the appellees were but an effort to comply with the terms of the contract, and were performed in this manner at the instance of the appellant, and he can no more complain of the waiver of his rights under the contract and an effort, at his request, to convey the lands as he desired, than he could deny the payment of the purchase money under the contract if he had procured the conveyance to be made to another. Browne Statute of Frauds, sections 424, 425, 426.

The appellant further complains of the action of the trial court in sustaining appellees' demurrer to his third and fourth affirmative answers to the complaint. These answers alleged, as said by appellants' counsel in their brief, "that appellees had not a marketable title to the land at the time the deeds were tendered appellant, averring, in the fourth paragraph, the additional facts as to death and testacy of Robert G. Howard, and in both paragraphs alleging tender of cash payments and offer to execute notes."

These answers were but special negations of the facts alleged in the complaint and necessary to the appellees' cause of action, and were admissible under the general denial, which was also pleaded by the appellant. *Messick* v. *Midland R. W. Co.*, 128 Ind. 81.

The next contention of the appellant is that the trial court erred in overruling his demurrer to the affirmative reply of the appellees. This reply was addressed to several answers, but the discussion of its sufficiency applies it to the second answer alleging the absence of a link from the chain of title of the appellees, in that no conveyance is shown by the record to have been made by one Howe, who is alleged to have been the owner in the year 1841.

The reply in question pleads not only an adverse possession by appellees' testator for more than forty years, but alleges that after the begining of this suit the title had been quieted as against the alleged interest of Howe, by a proper suit in the lower court for that purpose. The principal argument is that the decree quieting title came too late to support this suit, but incidentally it is said that a title by adverse possession is not a marketable title. If a marketable title, it is manifest that the decree so alleged was only in confirmation of the title so held, and the tardiness in procuring it would not defeat the action. Title by adverse possession is as high as any known to the law. *McWhorter* v. *Heltzell*, 124 Ind. 129; *Riggs* v. *Riley*, 113 Ind. 208; *Sims* v. *City of Frankfort*, 79 Ind. 446; *Wilson* v. *Campbell*, 119 Ind. 286; 1 Am. and Eng. Encyc. of Law, p. 301, section 55.

A marketable title can not be said to be more. It was not held, in *Smith* v. *Turner*, 50 Ind. 367, that a title by adverse possession was of less strength than an express record title, but it was held that a marketable title was one not open to reasonable objection. This is the effect of the holdings in nearly, if not quite, all of the authorities. For a full collection of the cases, see 22 Am. and Eng. Encyc. of Law, p. 948, note 2.

A title which is as high as any known to the law should be, and we have no doubt is, open to no reason-

able objection.   It has been so held in numerous cases. See *Ballou* v. *Sherwood*, 49 N. W. Rep. 790, and authorities cited; also 22 Am. and Eng. Encyc. of Law., 950, note "Title by Adverse Possession Sufficient."

The appellees insist that it is sufficient to show a good title at any time before final decree, and cite the following cases:   *Hobson* v. *Buchanan*, 96 N. C. 444; *Hepburn* v. *Auld*, 5 Cranch, *262; *Seymour* v. *Delancy*, 3 Cow. 445; *Pierce* v. *Nichols*, 1 Paige, 244; *Baldwin* v. *Salter*, 8 Paige, *473; *Fraker* v. *Brazelton*, 12 Lea (Tenn.), 278; *Luckett* v. *Williamson*, 37 Mo. 388; *Stevenson* v. *Polk*, 32 N. W. Rep. 340; *Townshend* v. *Goodfellow*, 41 N. W. Rep. 1056.

In *Stevenson* v. *Polk, supra,* the lands were subject to the record lien of a mortgage which was not entered satisfied until after the suit to enforce specific performance was entered, but before the trial.   The court held that "it is sufficient if the title is perfected or incumbrances removed prior to the trial.   If the court can then, by decree, protect the rights of all parties, this is all either can justly ask."   To this conclusion are cited *McKinney* v. *Jones*, 57 Wis. 301; *Montgomery* v. *Gibbs*, 40 Ia. 652;  Pom. Cont., section 421.

It is not essential to an affirmance that we should adopt this conclusion, but aside from the question of costs, we see no objection to the doctrine.   However, it was held in *Cook* v. *Bean, Admr.*, 17 Ind. 504, and *Mather* v. *Scoles*, 35 Ind. 1, that the power to so protect the rights of the parties was given in cases where diligence had been employed to perfect the title before suit, and where the purchaser had gone into possession, and the defect in title is a secret one only discovered after suit.   Upon our holding this apparent conflict in authority need not now be settled.

The appellant made five several motions, addressed to

Tewksbury *v.* Howard *et al.*

the special findings of the court to make more specific,. to strike out, etc. Such motions are not proper. *Sharp* v. *Malia*, 124 Ind. 407.

Upon the motion for a new trial, the appellant assails many of the very numerous findings of fact, some of them as not sustained by the evidence, others as not within the issues, still others without argument, and still others as to form merely. We have examined th'e findings with reference to the issues and the evidence, and find them unobjectionable and fully supported. The objection is also discussed, that the court did not find certain facts requested by appellant. As already suggested, the motions addressed to the special findings present no question, and we can not, therefore, compare the findings asked by appellant with those made by the court as urged by appellant's counsel.

Numerous objections are urged to the admissibility of evidence upon the appellant's theory of questions which we have passed upon, and it will not be necessary to repeat them.

It is further contended that it was error in extending a lien upon the land for the amount of the agreed purchase price, there having been no provision for such lien in the stipulations of the contract. No motion was made to modify the decree, and the question suggested is not before us; however, it is probable that the vendor's right to a lien did not depend upon an express stipulation to that effect.

The appellant also suggests that the deeds tendered having been executed to him and his wife, the decree enforcing specific performance upon such tender, the wife not being a party to the suit, was not authorized inasmuch as the consent of the wife to the conveyance was necessary. As before said, there was no motion to modify the decree, and its orders are not to be ques-

Tewksbury *v.* Howard *et al.*

tioned unless they are unsupported by the evidence, or they are based upon conclusions of law not sustained by the special findings of fact. The wife was not a necessary party, under the contract, to the deeds nor to this suit, and, as we have held, the execution of deeds to her, in connection with the appellant, was by the procurement of the appellant, and if the wife's consent was essential to the validity of a title in her it was not for the appellees to procure that consent. Even if, as appellant says, her consent was essential, and the deeds have failed to convey title to her, they are sufficient as to the appellant, and that far comply strictly with the contract.

Upon a motion for a *venire de novo* the appellant suggests many alleged inconsistencies in the special findings, and the supposed absence of findings essential to the conclusions reached by the court. Some of the objections thus raised stand upon the appellant's theory as to the main features of the case, and this we have decided against the view of his counsel. The findings fully sustain the conclusions and the judgment.

There is no error in the record for which the judgment should be reversed, and it is therefore affirmed.

DAILEY, J., did not participate.

Filed May 8, 1894.