## ELSEA ET AL. v. ADKINS ET AL.

[No. 20,552.   Filed May 10, 1905.]

1. DEEDS.—*Exception.*—*Language.*—The clause, "The grantor hereby reserves the ownership of the well on or near the east line of the lot hereby conveyed," in the description of a deed constitutes an exception from the premises granted.   p. 581.

2. SAME.—*Grant.*—*Exception.*—Where the general words of a grant are limited by an exception, such exception is not void for repugnancy. p. 582.

3. SAME.—*Construction.*—*Intent.*—The courts give effect to the intent in deeds where it can be discovered and is not in violation of the rules of law, but will construe a grant most strongly against the grantors where the intention is in doubt.   p. 582.

4. SAME.—*Description.*—*Parol Evidence to Locate.*—Parol evidence is admissible to point out the limits of land in an exception to a deed. p. 582.

5. SAME.—*Exception.*—*Well.*—*Identification.*—Oral evidence is admissible to locate a well on the boundary of two lots.   p. 582.

6. SAME. — *Exception.* — *Well.* — *Incidents.* — An exception of a well from a deed is an exception of all the usual and necessary incidents and appurtenances of the well.   p. 583.

7. SAME.—*Exception.*—*Reservation.*—Though the word "reservation" be used in a pleading in describing defendants' rights in real estate, it will be construed as an "exception" where the facts show it to be such. p. 583.

From Grant Superior Court; *B. F. Harness,* Judge.

Action by Lucina Elsea and husband against John C. Adkins and others. From a decree for defendants, plaintiffs appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*John A. Kersey,* for appellants.
*J. L. Custer* and *O. L. Cline,* for appellees.

GILLETT, J.—Appellants commenced this action to quiet title to a certain lot, alleging that the defendants were asserting a claim to a well situate near the east line of said lot. It appears from an answer that appellants deraign their interest in said lot from a deed executed by appellees Adkins, a copy of which is set out in said answer. The description of what is conveyed is found in the following language of said deed: "Lot number 546 in the Marion Real Estate Company's first addition to the city of Marion, Indiana, subject to the assessment against said lot for the improvement of Euclid avenue, and taxes that become due in November, 1897, and thereafter. The grantor hereby reserves the ownership of the well on or near the east line of the lot hereby conveyed." It further appears from said answer that at the time of said conveyance the grantor John C. Adkins was the owner of a lot immediately east of said lot number 546, and that he has since continued to be the owner of said east lot; that at the time of said conveyance there was, and still is, a well situate midway between said lots, having a curb about four and one-half feet wide, east and west, by five feet long, north and south; that the north end of said curb is about seventy feet south of Euclid avenue; that there then was, and still is, a pump in said well. It is further alleged or stated that by said deed appellee John C. Adkins reserved, and intended to reserve, the ownership of said well, including the curb and pump, and this is followed by a general averment of ownership of the same. The answer concluded by a disclaimer of any further interest in said lot. Appellees demurred to this pleading for want of facts, and, their demurrer being overruled, they excepted and elected to abide their exception.

1. Appellants' counsel discusses at length the difference between an exception and a reservation. An exception is a part excepted from the general terms of that which is granted. The words, however, are often used interchangeably, and the mere fact that what is excepted is mentioned

as being reserved will not defeat its operation as an exception. 3 Washburn, Real Property, *640; 13 Cyc. Law and Proc., 674, 675; 1 Jones, Law of Real Property in Conveyancing, §505.

2. The exception in the deed before us is not repugnant to the grant. The proper course was pursued of limiting the general words of the grant by the exception. 3 Washburn, Real Property, *640; 4 Kent's Comm., *468; 1 Jones, Law of Real Property in Conveyancing, §518.

3. It is urged that the exception in question should be construed against the grantors. While it is true that courts are sometimes compelled to resolve doubts against the grantors in deeds, yet in doing so the courts but follow a rule of construction that is adopted as a dernier resort. *Falley* v. *Giles* (1867), 29 Ind. 114. It is our duty to effectuate the intention of the parties, if it can be discovered, and does not contravene any rule of law.

4. Counsel for appellants contends that it is not competent to resort to parol evidence to identify the subject-matter of the exception, and that it is void for indefiniteness as to the extent of that which was excepted. It is not the office of the description to identify the land, but to furnish the means of identification. *Rucker* v. *Steelman* (1881), 73 Ind. 396; *Scheible* v. *Slagle* (1883), 89 Ind. 323; *Trentman* v. *Neff* (1890), 124 Ind. 503; *Collins* v. *Dresslar* (1892), 133 Ind. 290; *Edens* v. *Miller* (1897), 147 Ind. 208. It is thoroughly settled that extraneous and parol evidence is competent to apply the terms of a deed to the subject-matter. *Colerick* v. *Hooper* (1852), 3 Ind. 316, 56 Am. Dec. 505; *Guy* v. *Barnes* (1867), 29 Ind. 103; *Indiana Central Canal Co.* v. *State* (1876), 53 Ind. 575; *Tewksbury* v. *Howard* (1894), 138 Ind. 103.

5. Assuming that parol evidence would reveal the existence of this well on the east line of said lot, we perceive no reason why it should not be identified, just as a monument referred to in the description of a deed might be located.

6. Nor are we the more impressed with the argument that the extent of the intended exception can not be determined. What was excepted was a well, constructed and equipped, as the answer shows the one in question to have been, and whatever was necessary to enable the grantor to use and maintain it for the purpose of drawing water from it was an incident. It was said by Judge Story, concerning grants, that "The good sense of the doctrine on this subject is, that under the grant of a thing, whatever is parcel of it, or of the essence of it, or necessary to its beneficial use and enjoyment, or in common intendment is included in it, passes to the grantee." *Whitney* v. *Olney* (1823), 3 Mason 280, 284. This rule also applies to exceptions to grants. *Allen* v. *Scott* (1838), 21 Pick. 25, 32 Am. Dec. 238; *Reidinger* v. *Cleveland, etc., Mining Co.* (1878), 39 Mich. 30; *Waldorf* v. *Elkhart, etc., R. Co.* (1895), 13 Ind. App. 134. In *Allen* v. *Scott, supra,* a deed conveyed a tract of land and the buildings thereon, "except the brick factory," and it was held that the exception included the right to occupy the land on which the building stood, and the water privilege necessary to the carrying on of the business, the court saying: "When property is granted, all that is necessary to the enjoyment of the grant is impliedly granted as incident to the express grant, and the same rule of construction applies to an exception to a grant." Whether there was any right to approach the well except from the adjoining lot is a question that we need not determine here. If the exception is valid, however narrowly it may be construed, the answer stated facts in bar of a suit to quiet title.

7. Appellants' counsel makes the point that the answer is drafted on the theory that the deed contained a reservation rather than an exception, and to that theory it is insisted that appellees shall be held in this court. The argument is too fine-spun. While it is true that the pleader used the term "reservation" in the description of the right asserted by way of defense, yet it is evident that the theory of the answer

was that an outstanding interest existed in appellee John C. Adkins by virtue of that part of the deed which is therein described as a reservation.

Judgment affirmed.