## McFARLAND *v*. STANSIFER.

[No. 5,221.    Filed November 14, 1905.]

1. APPEAL AND ERROR.—*Sustaining Demurrer to Paragraph of Answer Whose Facts Are Provable under Another.*—It is not erroneous to sustain a demurrer to a paragraph of answer whose facts are provable under another.    p. 488.

2. FRAUDS, STATUTE OF.—*Real Estate.—Sales.—Memorandum.— Specific Performance.*—A memorandum, signed by defendant, showing that defendant received from plaintiff "$50 in payment for the land north and west of the graveyard, the same to be valued or sold at $12 per acre, and the remainder to be paid on receipt of deed," contains a description capable of location, the contract evidenced thereby is not within the statute of frauds, and specific performance will be decreed.    pp. 489, 490.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Suit by Ira E. Stansifer against Martha J. McFarland. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Miers, Corr & Miers,* for appellant.

*Duncan & Batman,* for appellee.

COMSTOCK, J.—The complaint is in two paragraphs. The first alleges that the appellant was the owner of certain real estate in Monroe county, and that she entered into a contract with appellee, by which she agreed to convey to him a certain part of said real estate described in the complaint. It alleges that the contract was in writing, and sets forth a copy of said written contract, which is as follows: "August 31, 1903.   Received of Ira E. Stansifer $50 in payment for the land north and west of the grave-

yard, the same to be valued or sold at $12 per acre, and the remainder to be paid on receipt of deed. Martha J. McFarland." The paragraph alleges that in pursuance of said agreement he entered into possession of said real estate, and made valuable and lasting improvements thereon, and continued in possession thereof up to the present time; that he tendered appellant the balance of the purchase money for such real estate, and demanded a deed therefor, which appellant refused to make. The second paragraph of the complaint is like the first, except that the contract is not alleged to be in writing.

Appellant's demurrer to the complaint was overruled. She then answered: (1) By general denial; (2) by special answer, alleging that appellant agreed to sell appellee certain real estate which was north and west of a certain graveyard, and east of a fence, and south of a certain highway, and being about two acres less than the real estate described in the complaint; that said real estate was to be paid for at the rate of $12 per acre, and was to be surveyed in order to determine the amount, which was afterwards surveyed by the parties, and is the same real estate described in the answer; that appellee paid $50, and was to pay the remainder upon the execution and delivery of a deed by appellant; that appellee directed the deed to be made to himself and Festus Thresher; that in pursuance of said agreement and request appellant made and tendered a deed for the real estate described in the answer, naming appellee and Festus Thresher as grantees, but that appellee refused to accept said deed, and demanded that other land which appellant did not sell should be included therein; that appellee did not take possession of said real estate; that appellant never consented that he should take possession until there was a full compliance with the terms of said sale; that said agreement was in parol. Appellee's demurrer to the second paragraph of the answer was sustained. Upon the trial the court found for the plaintiff,

and rendered judgment directing appellant to convey to appellee that part of the real estate described in the second paragraph of the answer; and, upon failure of appellant to make said conveyance, a commissioner was appointed to convey said real estate to appellee.

Appellant contends that the court erred in sustaining the demurrer to the second paragraph of answer. Under the first paragraph of answer, evidence of every fact averred in the second was admissible. There was, therefore, no error in sustaining the demurrer thereto.

1.

Did the court err in overruling appellant's motion for a new trial? There is no question as to the agreement to sell the land. Was it in parol or in writing? The receipt already appears. "A receipt signed by the vendor of real estate for part of the purchase money may constitute a sufficient memorandum of sale." Waterman, Spec. Perf., §§235-237. In *Tewksbury* v. *Howard* (1894), 138 Ind. 103, the court say: "The rule often recognized in this State is, that where the description given is consistent, but incomplete, and its completion does not require the contradiction or alteration of that given, nor that a new description should be introduced, parol evidence may be received to complete the description;" citing a number of cases. See, also, *Maris* v. *Masters* (1903), 31 Ind. App. 235.

Interpreting the decisions—and they are numerous— liberally in favor of appellant, there may be some question as to the sufficiency of the receipt alone to take the transaction out of the statute of frauds. It is, however, a settled rule that where a vendor takes possession under a parol contract for the conveyance of lands, resting upon a valuable consideration, and has made permanent and valuable improvements, specific performance of the contract will be enforced. *Swales* v. *Jackson* (1890), 126 Ind. 282. There is evidence in the record

from which the court might fairly find that the land in question was bought to reach a graveyard on appellant's land, ingress to and egress from which had been denied by her; that $50 of the purchase price was paid, and the residue was to be paid when the deed was made, which was stated in the receipt signed by appellant and heretofore set forth; that appellant gave and appellee took possession of the land claimed, made valuable and permanent improvements thereon, and tendered, before the bringing of the suit, payment of the balance of the purchase money, and has kept that tender good; that appellant refused to make a deed for the land claimed by appellee, and did not return nor offer to return the money paid. The decision is not only supported by the evidence, but accords with the plain equity of the case.

Judgment affirmed.

## CONCURRING OPINIONS.

ROBY, J.—Appellant was the owner of the northwest quarter of section twenty-eight north, range two west, in Monroe county, subject to certain exceptions, which

2. reduced the amount of said holding to 120 acres.

One of said exceptions was of a public cemetery, to reach which it was necessary to pass over some portion of appellant's said lands. Appellant objected thereto, and locked the cemetery gate. Appellee thereupon entered into negotiations which resulted in the payment by him to her of $50, which has neither been paid nor tendered back, and the execution of an instrument in terms as follows: "August 31, 1903. Received of Ira E. Stansifer $50 in payment for the land north and west of the graveyard, the same to be valued or sold at $12 per acre, and the remainder to be paid on receipt of deed. Martha J. McFarland."

The key to the cemetery was thereupon turned over by appellant to a person designated by appellee. Appellant set posts for a division fence, extending the same from the

cemetery to the line of the land. Thereafter a survey and measurement of the tract to be conveyed was made. Appellant made and tendered a deed for the land from the cemetery to the fence, which was not upon the line. This, appellee refused to accept, tendered $110, the amount of the purchase money, in addition to the $50 paid as the agreed price for the land from the cemetery to the line, kept the tender good, and brought the suit.

The appellant testified that the proposition was to sell "to the fence," which was within about two rods of the line. Appellee claimed to have purchased to the line. The description contained in the instrument above set out was susceptible of ascertainment by a surveyor, and therefore sufficient. *Thain* v. *Rudisill* (1890), 126 Ind. 272; *Trentman* v. *Neff* (1890), 124 Ind. 503; Waterman, Spec. Perf., §§235, 237, 238.

"The land north and west of the graveyard" referred to the land so situated and owned by the appellant. Its amount was a matter of measurement and computation, the purchase price being determinable with reference to such amount, and the judgment of the trial court should therefore be affirmed. I do not, however, regard the evidence as sufficient to show a part performance to take the case out of the statute of frauds.

WILEY, C. J.—I concur in an affirmance of the judgment, on the ground that the real estate which appellant agreed to sell appellee, as disclosed by the contract or receipt, may be definitely determined from the language of the contract. "That which may be made certain is certain" is a maxim of the law applicable here. The land which appellant agreed to sell was land owned by her, as is evident from the contract, and embraced all such land she owned "north and west of the graveyard." A surveyor could certainly accurately determine its boundaries.