## AULT *v.* CLARK ET AL.

[No. 9,351. Filed May 17, 1916.]

1. APPEAL.—*Presenting Questions for Review.—Peremptory Instruction.*—The giving of a peremptory instruction is not the subject of an independent assignment of error, but is properly assigned as ground for a new trial. p. 58.

2. TRIAL.—*Peremptory Instruction.*—The right to direct a verdict for defendant can only be upheld where the evidence is clearly insufficient to establish one or more facts essential to plaintiff's cause of action. p. 59.

3. DEEDS.—*Construction.—Description.—Judicial Sales.—Evidence of Extrinsic Facts.—Admissibility.*—While it is the office of a description in a deed of conveyance to furnish the means of identification rather than to identify the land, and the same is to be liberally construed to effectuate the intent of the parties, and extraneous or parol evidence is competent to apply the terms of a deed to the subject-matter, so as to explain vague or conflicting descriptions and ascertain the intention of the parties, such rules of construction have no application to a conveyance made pursuant to a judicial decree, and may not be resorted to in any case for the purpose of thwarting the intent of the parties. pp. 60, 61.

4. DEEDS.—*Construction.—Evidence of Extrinsic Facts.—Admissibility.*—Where the description in a deed is not ambiguous, and no issue is tendered directly attacking such descriptions, or making a reformation or correction material, extraneous evidence affecting same is not proper. p. 61.

5. DEEDS.—*Unambiguous Writings.—Construction.*—A deed or other writing that is unambiguous is to be so interpreted as to carry into effect the intention of the parties expressed by the language employed. p. 61.

6. DEEDS.—*Description.—Judicial Sales.—Evidence of Extrinsic Facts.*—Where plaintiff in an action to quiet title and for possession had an administrator's deed issued pursuant to a judicial sale for

an undivided two-thirds of the land described, and a deed from the widow of decedent conveying the undivided one-third, and no issue was tendered seeking the reformation of the widow's deed, evidence to show that the land described in the complaint was the only land owned by decedent or his widow and was the land intended to be conveyed, was inadmissible, the descriptions in the deeds being complete and certain.   p. 62.

7.  JUDGMENTS.—*Order of Sale.—Collateral Attack.*—Where plaintiff sought to quiet title to land conveyed by an administrator's sale, defendant's claim that the title described in the deed does not cover the land described in the complaint is not a collateral attack on the court's order of sale pursuant to which such administrator's deed was made.   p. 63.

8.  APPEAL.—*Review.—Peremptory Instruction.—Reasons for Giving.* —Where the giving of a peremptory instruction was proper, the reasons of the court for its giving, set forth therein, were immaterial and did not affect it.   p. 64.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by John A. Ault against Edith Clark and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Otto J. Bruce* and *H. Vincent Youkey,* for appellant.

*Schuyler C. Dwyer, J. Will Belshaw* and *Bomberger, Curtis, Starr & Peters,* for appellees.

HOTTEL, J.—Appellees have filed a motion to dismiss this appeal. Our examination of this motion and the record convinces us that the case may be affirmed on its merits and that a consideration of such motion is not important or necessary.

The complaint herein is in two paragraphs. In the first paragraph, which is in the usual short form to quiet title, appellant seeks to quiet title to the following real estate in Lake county, Indiana, viz.: "A part of the east half of the southwest quarter of section twenty-three (23), township thirty-three (33) north, range nine (9) west of the second principal meridian and more particularly

described as commencing at a point in the center of the county road (now street) one hundred ninety-eight (198) feet west of the northwest corner of lot 1 in Clark's addition to the town of Lowell in said county and state; thence south eighty-nine and three-fourths feet (89¾); thence west to the creek; thence northerly along the creek to the center of the said county road (now street); thence east along the center of the said county road (now street) to the place of beginning." The second paragraph seeks to recover possession of the same real estate, and alleges that defendants (appellees) now hold possession thereof without right, to appellant's damage in the sum of $100. There was a trial by jury and at the close of the evidence the court peremptorily instructed the jury as follows: "Gentlemen of the jury, this has resolved itself into a law question. The court is required to construe a description in a deed which described the land conveyed as being eleven acres off the south end of the east half of the southwest quarter of the section. The court construes that as a matter of law to mean eleven acres extending across the entire south side of it, or a strip of land twenty-two rods wide, extending entirely across the south end of the eighty. *The evidence in this case discloses and shows that no part of the land described in this complaint falls within that eleven acres described in that deed. That being true the plaintiff has shown no title in himself. Therefore your verdict must be for the defendants.*" (Our italics.) Pursuant to this instruction, a verdict was returned in appellees' favor. A motion for new trial filed by appellant was overruled, and judgment was rendered on the verdict. Proper exceptions were saved by appellant to the action of the court in giving said instruction, and to the ruling on his motion for new trial, and

each of said rulings is assigned as error in this court and relied on for reversal.    The action of the trial court in giving such instruction is not ground for independent assignment of error, but is properly presented by being assigned as one of the grounds of the motion for a new trial. *White* v. *State, ex rel.* (1915), 183 Ind. 649, 109 N. E. 905, and cases cited.    While other grounds of such motion challenge the verdict as not being sustained by sufficient evidence and as being contrary to law, a disposition of the question presented by the action of the trial court in giving said instruction will in effect dispose of the appeal.

To show title to the land described in his complaint, appellant offered in evidence a patent from the United States and numerous consecutive conveyances through which, as claimed by appellant, title to said real estate was finally conveyed to Nathaniel H. Foote on August 21, 1862.    Appellant then offered certain record evidence showing the death of Nathaniel H. Foote, the appointment of his widow as administratrix of his estate, the filing of a petition by her to sell certain described lands of decedent to pay his debts, an order authorizing the sale of such lands, the sale thereof, the report of sale, the approval thereof and the deed made thereunder.    Among other lands, set out by such administratrix in her petition as lands owned by decedent and sought to be sold to pay his debts, was the following: "The undivided two-thirds of eleven acres of land off of the south part of the southeast quarter of the southwest quarter of section (23) twenty-three, town (33) thirty-three north, of range (9) nine west." This same description appears throughout such proceedings, including the report of sale and the deed made by such administratrix.    Appellant then offered the

quitclaim deed of the widow of said decedent for her undivided one-third of the same lands sold by her as administratrix, and in her deed appears the same description above indicated. The deeds of said administratrix and widow of Nathaniel H. Foote to Nichols, dated May 2, and May 5, 1864, respectively, constituted a necessary link in the chain of title upon which appellant relies as proof of his title to the lands described in his complaint, and it is conceded by both him and appellees that it was to these deeds that the trial court referred in its peremptory instruction, *supra*. It is also, in effect conceded by appellant that the description in said deeds does not in fact cover any part of the lands described in his complaint, but appellant asserts, in effect, that by verbal testimony he has identified the lands, viz., that he showed that the description contained in the deed to Foote, in fact, described 11 16/100 acres and that such tract was the only tract of land in section 23, township 33 north, range 9 west, ever owned by Foote. Upon this evidence it is insisted by appellant that he has shown a complete record title, or at least made a *prima facie* case, which entitled him to have the question of his title submitted to the jury. Of course, if there was any proper evidence from which the jury might have reasonably inferred that appellant was the owner of the land described in his complaint, the instruction was improper, as the right to direct a verdict in such a case "can only be upheld where it can be said that the evidence was clearly insufficient to establish one or more facts essential to plaintiff's cause of action." *West* v. *National Casualty Co.* (1916), 61 Ind. App. 479, 112 N. E. 115, and cases cited; *Barker* v. *Chicago, etc., R. Co.* (1912), 51 Ind. App. 669, 671, 99 N. E. 135; *Sullivan* v. *Indianapolis, etc., Traction*

*Co.* (1914), 55 Ind. App. 407, 414, **103** N. E. 860. In support of his contention, appellant relies on certain rules applicable in proper cases to the construction and interpretation of deeds,

3. which may be stated as follows, and are supported by the authorities cited after each. It is not the office of a description in a deed of conveyance to identify the land intended to be conveyed, but to furnish the means of identification. *Rucker* v. *Steelman* (1881), 73 Ind. 396; *Scheible* v. *Slagle* (1883), 89 Ind. 323; *Hannon* v. *Hilliard* (1885), 101 Ind. 310; *Trentman* v. *Neff* (1890), 124 Ind. 503, 24 N. E. 895; *Collins* v. *Dressler* (1892), 133 Ind. 290, 32 N. E. 883; *Edens* v. *Miller* (1897), 147 Ind. 208, 46 N. E. 526; *Elsea* v. *Adkins* (1905), 164 Ind. 580, 74 N. E. 242, 108 Am. St. 320; *Warner* v. *Marshall* (1906), 166 Ind. 88, 107, 75 N. E. 582. The rule as to construction of the description of premises in a deed is very liberal to the end that "the intent of the parties, if it can by any possibility be gathered from the language employed, will be effectuated." *Key* v. *Ostrander* (1867), 29 Ind. 1, 6. See, also, *Hannon* v. *Hilliard, supra; Roehl* v. *Haumesser* (1888), 114 Ind. 311, 15 N. E. 345; *Peck* v. *Mallams* (1853), 10 N. Y. 509, 532. Extraneous and parol evidence is competent to apply the terms of a deed to the subject-matter. *Warner* v. *Marshall, supra,* and cases cited. Where two conflicting or contradictory descriptions of the same tract or parcel of real estate appear in a deed, or where the description is vague and obscure, or uncertain and indefinite, resort may be had to extrinsic facts or oral evidence to aid in ascertaining, if possible, the intent of the parties. *Hornet* v. *Dumbeck* (1907), 39 Ind. App. 482, 78 N. E. 691.

There can be no doubt about the correctness

of these rules or the necessity for their application in a proper case, but, as indicated by the language in which they are stated, they are applied only when it becomes necessary to look beyond the deed to ascertain the intent of the parties expressed therein as to the land intended to be conveyed by such deed. In other words, they are resorted to for the purpose of explaining and effectuating the intent of the parties as expressed in their deed, but never to contradict or thwart such intent, and where the description in the deed is not ambiguous but is certain and complete there is no occasion

4. to resort to extrinsic evidence to ascertain the intent of the parties as to the land intended to be conveyed and, in the absence of an issue tendered directly attacking such description, making a correction or reformation thereof proper and material, resort to extraneous evidence is not proper. *Tewksbury* v. *Howard* (1894), 138 Ind. 103, 37 N. E. 355; *McFarland* v. *Stansifer* (1905), 36 Ind. App. 486, 76 N. E. 124. It is a fundamental rule of construction that where a writing is unambiguous "it shall be so interpreted as

5. to carry into effect the intention of the parties expressed by the language employed." *Kann* v. *Brooks* (1913), 54 Ind. App. 625, 628, 101 N. E. 513. See, also, *Blythe* v. *Gibbons* (1895), 141 Ind. 332, 344, 35 N. E. 557, and cases cited. In this connection it should also be stated that

3. the rules, *supra*, which appellant seeks to invoke have no application to a conveyance made pursuant to judicial order or decree. *Rogers* v. *Abbott* (1871), 37 Ind. 138, 140, 141; *Bowen* v. *Wickersham* (1890), 124 Ind. 404, 24 N. E. 983, 19 Am. St. 106; *Lewis* v. *Owen* (1878), 64 Ind. 446, 447; *Dale* v. *Travelers Ins. Co.* (1883), 89 Ind. 473; *Struble* v. *Neighbert* (1872), 41 Ind.

344; *Cunningham* v. *McCollum* (1884), 98 Ind. 38; *Runnels* v. *Kaylor* (1884), 95 Ind. 503.

It is conceded and, indeed, contended by both appellant and appellees that the sale by the administratrix of the Foote estate was a

6.   judicial sale. See *Pierce* v. *Vansell* (1905), 35 Ind. App. 525, 74 N. E. 554. It follows that, under the authorities, *supra,* appellant's title, in so far as it comes through such deed, must be determined by the deed itself. Such deed does not describe the land or any part thereof described in appellant's complaint, and hence furnishes no proof of appellant's title to such land. Appellant makes no distinction between the deeds of the administratrix of the Foote estate for the undivided two-thirds of the land therein described and the deed made by the widow for her one-third of the same land, but, assuming that an issue might have been tendered which would have permitted a reformation of the widow's deed, no such issue was tendered. On this question, see *Roehl* v. *Haumesser, supra,* and cases cited. This is not an attempt by a direct proceeding to have a description in a deed corrected or reformed. On the contrary, we are dealing with a case in which appellant, without any averments of mistake in description in his complaint, is seeking to prove and quiet title to, and obtain possession of, a tract of land specifically and certainly described in such complaint, by a deed or deeds which with equal certainty and completeness describe another and entirely different tract of land. *Langohr* v. *Smith* (1882), 81 Ind. 495; *Bowen* v. *Wickersham, supra.* Our last statement is predicated on the assumption that the trial court in its peremptory instruction properly interpreted the description contained in said two deeds as meaning eleven acres extending

entirely across the south end of the 80-acre tract, viz., a strip of land twenty-two rods wide, extending entirely across the south end of the eighty. As supporting the court's conclusion, see *Hornet* v. *Dumbeck, supra; Cobb* v. *Taylor* (1893), 133 Ind. 605, 32 N. E. 822, 33 N. E. 615; *Maquire* v. *Bissell* (1889), 119 Ind. 345, 21 N. E. 326; *Mitchell* v. *Brawley* (1895), 140 Ind. 216, 39 N. E. 497; *Winslow* v. *Cooper* (1882), 104 Ill. 235; *Tierney* v. *Brown* (1888), 65 Miss. 563, 5 South. 104, 7 Am. St. 679. The deeds referred to in the peremptory instruction were, we think, properly construed by the trial court but, if not, the description therein was so indefinite and uncertain that the land attempted to be described could not be located by a surveyor. In either event, under the issues tendered by appellant's complaint, the authorities, *supra*, justify the action of the trial court in giving said peremptory instruction. *Mahan* v. *Reeve* (1842), 6 Blackf. 215; *Struble* v. *Neighbert, supra; Cunningham* v. *McCollum, supra; Lewis* v. *Owen, supra; Hammond* v. *Stoy* (1882), 85 Ind. 457; Freeman, Execution §281; 2 Devlin, Deeds (3d ed.) §§1010-1019; *Tierney* v. *Brown, supra; Macy* v. *Wood* (1912), 49 Ind. App. 469, 97 N. E. 553.

Appellant contends that the effect of such a holding results in a collateral attack upon the judgment and decree of the court which 7. authorized the administratrix to sell the Foote land, and cites, *Pepper* v. *Zahnsinger* (1884), 94 Ind. 88, and *Meikel* v. *Borders* (1891), 129 Ind. 529, 29 N. E. 29, to the effect that such a sale can not be collaterally attacked where there was jurisdiction of the person and the subject-matter. There is no doubt about the correctness of the legal proposition for which appellant contends. He errs in assuming that the validity of the judicial

sale is attacked by the conclusion. The conclusion is predicated on the validity of such sale but asserts that a tract of land different from that described in appellant's complaint was sold, and hence that a conveyance of the tract so sold furnishes no proof of ownership in the purchasers at such sale of the land claimed by appellant.

It is also contended by appellant that the peremptory instruction "was inaccurate and incorrect in point of fact." The question suggested is not material, if our conclusion, supra, on the main proposition is correct.

8.

If the evidence warranted the court in peremptorily instructing the jury to return a verdict for appellees, it was not material whether it gave a correct reason for so doing. Indeed it was not necessary that it give any reason therefor.

We find no error in the record and the judgment below is therefore affirmed.

NOTE.—Reported in 112 N. E. 843. General descriptions of property in deeds, 66 Am. St. 59. Immunity from collateral attack of an order of a probate court for the sale of a decedent's real estate, 3 Ann. Cas. 234.