CITY OF HAMMOND *v.* PARKER ET AL.

[No. 16,480. Filed March 3, 1941. Rehearing denied November 24, 1941. Transfer denied January 13, 1942.]

*Harry H. Stilley* and *Galvin, Galvin & Leeney,* all of Hammond, for appellant.

*Green & Powers,* of Whiting, for appellees.

BRIDWELL, J.—Appellant brought this action against the appellees seeking thereby to reform a deed, and quiet its title to a certain tract of real estate consisting

of 29½ acres alleged to have been purchased for public park purposes, at the price of $2,500 per acre, from one Sarah L. Forsyth during her lifetime.

The complaint, among other things, avers, in substance, that by mutual mistake of the parties the real estate purchased and intended to be conveyed was erroneously described in the deed of conveyance; that since the execution of said deed Sarah L. Forsyth died testate, and by the terms of her will appellee Dehra Parker became the owner of all the real estate owned by said testatrix at the time of her death, which includes part of the tract here in question. The other appellees were made defendants to the complaint to answer as to any interest they might have or claim in said real estate. The issues were closed by the filing of a separate and several answer of general denial to the complaint by appellees.

The cause was submitted to the court for trial, and thereafter the court rendered its decision and judgment as follows:

"Come now the parties hereto in court by counsel, and the court now finds for the defendants, that the plaintiff take nothing by reason of its complaint and that the defendants recover their costs herein.

"It is, therefore, Considered Adjudged and Decreed by the court that the plaintiff take nothing by reason of its complaint and that the defendants recover of and from the plaintiff all their costs herein."

Appellant duly filed its motion for a new trial, asserting as causes therefor: (1) the decision or finding of the court is not sustained by sufficient evidence; (2) the decision or finding of the court is contrary to law. Upon the overruling of this motion, appellant excepted and perfected this appeal, assigning as error the action of the court in overruling said motion.

It appears from the evidence that prior to and at the time of the execution of the deed sought to be reformed, the said Sarah L. Forsyth claimed ownership of approximately fifty acres of real estate located in Sec. 1, Tp. 37 N., R. 10 W. of the Second P. M., Lake County, Indiana, of which the land conveyed constituted a part, but that the title of a portion of such acreage was in dispute; that negotiations for the purchase of this entire tract were had between Walter E. Schrage, as agent for Sarah L. Forsyth, and the president of the Park Board of appellant prior to the execution of the deed here involved; that as a result of such negotiations a purchase price of $2,500 per acre for the entire tract was agreed upon, the purchase of that portion of the land to which the title was in dispute to be consummated when title thereto could be given. The deed sought to be reformed and a written contract for the sale and purchase of the land to which the title was in dispute were executed. The witness testifying to the foregoing facts, and his evidence is not disputed, was asked on cross-examination if he had that contract, and answered—"Yes." The court then inquired: "Did you say east or west of the Meander Line?" Answer: "The contract, this paper here is west." The contract was then identified as defendant's Exhibit 1, but was not offered in evidence.

It also appears from uncontradicted evidence that prior to the execution of the deed in question, a blue print of a Plat of Survey of the land to which ownership was asserted by Sarah L. Forsyth was procured by her; that this Plat of Survey and the blue prints thereof were made by the then City Engineer of appellant pursuant to instructions from her agent; that two descriptions of such real estate, one purporting to be for that portion of the real estate lying easterly of

the Easterly U. S. Government Meander line, and the other a description of the property lying westerly of the Easterly U. S. Government Meander line and the center line of Wolf River were likewise furnished to such agent; that said engineer at the request of the then president of the Park Board of appellant also forwarded to him copies of the descriptions and blue print of the Plat of Survey. These blue prints show what purports to be the "U. S. Government East Meander Line," and an *approximate* acreage of 29.5 acres east thereof.

The deed sought to be reformed describes the real estate sold by metes and bounds, the description used being the one prepared by the said engineer, and furnished to the interested parties. This description, in so far as it located the intersection point of the Easterly U. S. Government Meander Line and the center line of a stream known as Wolf River 1,059.69 feet southwesterly from the northwest corner of the tract of land involved, was incorrect, since later surveys established that such intersection point was in fact but 79 feet south from the northwest corner of said tract. Both the grantor and the grantee at the time the deed was executed were mistaken concerning the exact location of this intersecting point. The deed purports to convey 29.5 acres, more or less. After the description are the following provisions:

"It being the intention of this description to cover all property lying east of the Easterly U. S. Government Meander line easterly of the center line of Wolf River and west of the west line of Park View Addition to the city of Hammond and South of a three (3) acre, more or less, tract heretofore deeded to Philip Smidt and Peter C. Smidt by deed dated May 3, 1929.

"Grantor in this deed does not convey any title to or riparian rights in the land lying Westerly of

the United States Meander line but expressly re-
serves unto herself all title to and riparian rights
in said property, the title to which has been claimed
by the State of Indiana and is the subject matter of
a pending suit brought by the State of Indiana,
against said Sarah L. Forsyth."

From the foregoing language incorporated in the
deed, considered in connection with all the evidence
given at the trial of the cause, it seems clear that at
the time of the transaction which resulted in the execu-
tion of the deed and of the contract for the purchase
of the remainder of the tract of approximately 50 acres
when title could be given that it was not the intention
of the parties that any real estate be conveyed, except
such as was situate east of the Easterly U. S. Govern-
ment Meander line easterly of the center line of Wolf
River; that there was no agreement nor intent to in-
clude in the description any land to which the grantor
claimed title, but which claim of title was at that time
being challenged by another by litigation then pending.

It is not sought to reform the deed so that it will
correctly describe by metes and bounds the real estate
lying east of the Easterly U. S. Government Meander
line, but to the contrary appellant seeks reformation
such as would include approximately three acres of
land lying westerly of said Meander line and constitut-
ing a part of the acreage claimed by the State of
Indiana, expressly reserved by the grantor. To reform
the deed in the instant case, as prayed, would be to
defeat rather than to perpetuate the intention of the
parties.

For authorities discussing the subject-matter here
involved, and announcing general legal propositions
necessary to be considered in actions of this class and
character, see *Baker* v. *Pyatt* (1886), 108 Ind. 61, 9
N. E. 112; *Earl* v. *VanNatta* (1902), 29 Ind. App. 532,

64 N. E. 901; *Ault* v. *Clark* (1916), 62 Ind. App. 55, 112 N. E. 843; *Tyler* v. *Anderson* (1886), 106 Ind. 185, 189, 6 N. E. 600; *Philip Zorn Brewing Company* v. *Malott* (1898), 151 Ind. 371, 51 N. E. 471; *Elsea* v. *Adkins* (1905), 164 Ind. 580, 74 N. E. 242; *Shandy* v. *Bell* (1934), 207 Ind. 215, 223, 189 N. E. 627.

After considering all the evidence, both parol and documentary, we conclude that it is sufficient to sustain the decision of the court, and that such decision is not contrary to law.

Finding no reversible error, the judgment is affirmed.

Stevenson, P. J., dissents.

NOTE.—Reported in 32 N. E. (2d) 116.