Meikel *v.* Greene.

No. 10,946.

MEIKEL *v.* GREENE.

DEED.—*Description.*—The description of land in a deed by metes and bounds, giving a definite corner of a certain city lot as the commencement, and thence courses and distances which will close, is good.

EJECTMENT.—*Evidence.*—In ejectment for part of a city lot, the recorded plat of the lot is proper evidence for the plaintiff.

TRUST AND TRUSTEE.—*Non-Resident.—Statute Construed.*—The statute, R. S. 1881, section 2988, has no application to a trust in lands arising by operation of law.

PRACTICE.—*Argument to Jury.—Directing Verdict.*—Where the evidence is without conflict, and there is no question of fact arising upon it, the court may refuse to permit argument to the jury, and may direct a verdict.

From the Marion Circuit Court.

*J. Buchanan,· G. B. Manlove, S. M. Shepard* and *C. Martindale,* for appellant.

*S. J. Peelle, W. L. Taylor, B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellee.

ELLIOTT, J.—Appellee claims title to the real estate in controversy through a sale made upon a decree of foreclosure, rendered upon a mortgage executed by appellant's grantor.

One of the points relied on for a reversal is that the description of the property is so defective and uncertain as to be void. The description reads thus: " Part of lot number nine (9), in square number fifty-five (55), in the city of Indianapolis, bounded and described as follows: Beginning thirty-nine (39) feet from the most southeast corner of said lot number nine (9); thence east on the north line of Washington street seventeen (17) feet; thence north one hundred and twenty (120) feet to an alley ; thence west along the south line of said alley seventeen (17) feet; thence south one hundred and twenty (120) feet to the place of beginning."

We think that this description furnishes means of identifying the particular parcel intended to be conveyed, and· is,

therefore, sufficient.   We do not understand that it is the of-
fice of the description to identify the particular parcel, but to
supply the means of identification.   Where means of identi-
fication are furnished, persons interested in the property may
always make the description certain by referring to the sources
of knowledge supplied by the deed.   In the present instance
the corner of lot nine can be ascertained from the public rec-
ord, and this once ascertained there can be no difficulty in
running the boundary lines.   The sheriff can readily execute
the writ, and this proves the description to be sufficient.

It was proper for the appellee to introduce in evidence the
recorded plat of square fifty-five.   In actions to recover
real property, it is competent to give evidence which will en-
able the court to identify the particular parcel involved in the
legal contest.

The property in controversy was bid in by Joseph A. Moore,
and on the 10th day of November, 1879, the sheriff's certif-
icate was assigned to appellee, Jacob L. Greene, a resident of
Connecticut, who received a deed from the sheriff.   The title
of appellee, although the deed on its face conveyed to him in
his own absolute right, was that of trustee for a foreign cor-
poration.   The trust was not, however, created by any deed
or instrument of writing, but arose by operation of law, from
the fact that the purchase-money was paid by the corporation
for whose benefit the appellee orally agreed to hold.   The act
of 1879 does not apply to such a case ; it applies only to cases
where there is an express trust created by deed, mortgage or
other written instrument.   *Rinker* v. *Bissell,* 90 Ind. 375.

There was no conflict in the evidence, and no questions of
fact to be argued to the jury, and the court did not err in re-
fusing to allow appellant's counsel to make an argument to the
jury. The whole case turned upon questions of law, and these
were fully argued to the court, and it was, therefore, right to
deny further discussion, for juries in civil cases are not judges
of the law.

The court did right in instructing the jury to find for the appellee. There was no conflict in the evidence, and the trial court did no more than its duty in directing a verdict.

Judgment affirmed.

Filed Dec. 21, 1883.   Petition for a rehearing overruled April 4, 1884.