### No. 249.

## KAVANAUGH ET AL. *v.* TAYLOR.

INSTRUCTIONS TO JURY.— *Directing Verdict* —Where the evidence in a cause, without material contradiction, shows a certain fact to be established, the jury may be so instructed.

CONVERSION.— *Who Liable.*—In an action for the conversion of a quantity of potatoes, it appeared that the plaintiff consigned a car-load of potatoes to a certain person, to be delivered to the purchasers as they demanded them. Such consignee had no authority to sell. An agent of the Standard Oil Company, to whom the plaintiff was indebted, purchased the potatoes of the consignee, knowing he had no authority to sell, and sold them to the original purchasers, and credited the plaintiff with the amount received, after paying the consignee for freight, etc., and his own expenses. The purchasers had knowledge of all the facts. *Held,* that all the parties to the transaction were jointly liable for the conversion, and that the original purchasers, having abandoned the contract with the plaintiffs, and having purchased the potatoes from the agent of the Standard Oil Company to assist him in collecting the company's debt, can not be heard to say they purchased the potatoes from the plaintiff, and that their only liability is in contract.

SAME.—*Interest.*—*Measure of Damages.*—In estimating the measure of damages in such action the jury had a right to add interest on the value of the potatoes from the day of the conversion.

SAME.— *Value of Goods Converted.*—As the plaintiff had no opportunity to inspect the potatoes at the time of the conversion, the jury were justified in finding for him the highest price and the largest quantity proved, so that the wrong-doers could not, under any phase of the case, profit anything by their acts.

SAME.—*Plea of Payment.*—*No Evidence to Support.*—*Instruction.*—Although there was a plea of payment, there was no evidence to support it, and

the court did not err in failing to direct the attention of the jury to the question of payment.

SAME.—*Evidence.*—The plaintiff having been asked on cross-examination as to whether the consignee was his agent for the purpose of handling any goods for him about the time of the conversion, and whether he conveyed any goods to him, the court did not err in excluding the answers to these questions unless the inquiry was limited to the goods in controversy.

From the Elkhart Circuit Court.

*J. H. Baker* and *F. E. Baker*, for appellants.

*H. C. Dodge* and *J. S. Dodge*, for appellee.

REINHARD, J.—The overruling of appellants' motion for a new trial is the only error assigned. The reasons assigned for a new trial are numerous, and we will notice such as are argued in appellants' brief as we proceed. The action was by the appellee against the appellants for the wrongful conversion of a car-load of potatoes.

The cause was tried by a jury, who found for the plaintiff in the sum of $331.44. At the proper time the court instructed the jury as follows:

" The undisputed evidence shows that the plaintiff, in the fall of 1887, consigned a car-load of potatoes to one David Carpenter, at Elkhart, Indiana, and that said Carpenter wrongfully sold said potatoes to the defendant Hubbard, who in turn wrongfully sold them to the defendants Kavanaugh & Pollard. The amount and value are disputed."

There was an exception to this instruction. It is claimed by the appellants that this instruction is erroneous. If there was any evidence or any fact or circumstance from which the jury might lawfully have drawn the inference that the potatoes were not unlawfully taken by the appellants and converted to their own use, then the instruction was wrong. But if the evidence, without material contradiction, shows the fact to be as stated by the court, the instruction was correct. *Friedline* v. *State,* 93 Ind. 366; *Meikel* v. *Greene,* 94 Ind. 344; *Miller* v. *White River School Tp.,* 101 Ind. 503.

We have carefully examined the evidence, and think the court was fully justified in giving this instruction. The evidence shows that the potatoes were consigned by the plaintiff to one David Carpenter, at Elkhart, Indiana, who had no authority to sell them. Appellant Hubbard, who was the agent of the Standard Oil Company, to whom the appellee was indebted, purchased the potatoes of Carpenter, knowing that he had no authority to sell, and sold them to Kavanaugh & Pollard for $240, and after paying Carpenter $40 for freight, etc., and himself $20 for expenses, credited the appellee with $149.14 on the books of the Standard Oil Company, whose agent Hubbard was, thus extinguishing this much of the appellee's debt. It does not appear how the remainder was disposed of. Kavanaugh & Pollard purchased the potatoes of Hubbard with a full knowledge of these facts, and with the knowledge, also, that the potatoes were the property of Taylor, and not of Carpenter.

The appellee testified upon the trial that he had sold these potatoes to Kavanaugh & Pollard, and agreed to deliver them through Carpenter as they demanded them; and for this reason the appellants insist that, if the appellee can recover from them at all, it must be *ex contractu*, and that, therefore, as to them this action, being for tort, must fail.

We are not able to reach such a conclusion, even if we assume the premises to be correct. If the appellee sold the potatoes to Kavanaugh & Pollard, they had a right to stand upon their contract, and take them from him in pursuance thereof. Had they done so, the appellee would be confined to his remedy upon the contract for any failure on the part of Kavanaugh & Pollard to comply with the same. But they did not choose to adhere to the contract, if they made one with Taylor, but abandoned it, and entered into a conspiracy with Hubbard to assist him in collecting the Standard Oil Company's debt. To this end they purchased the potatoes from Hubbard, knowing that he had no title to them, taking from him, as the evidence shows, an indemnity to save them from loss. They can not be heard to say now that they

purchased the potatoes from the appellee. The appellee was insolvent, and Hubbard took this means of collecting for his principal a debt due from the appellee. This was done without the latter's knowledge or consent, and we think it amounted to a wrongful conversion of the property by all the appellants, for which they are jointly liable. The instruction was correct.

There was some testimony as to another car-load of potatoes purchased by Kavanaugh & Pollard of the appellee, and, while there is some apparent confusion between the potatoes in controversy and these others, the jury were the proper judges of all such questions, and to them the matter was properly submitted.

The appellants further contend that the verdict was not sustained by the evidence.

The questions as to the quantity and value of the potatoes were left to the jury, and there was some evidence tending to support their finding. We can not, therefore, undertake to weigh the evidence in order to find where the preponderance is.

It is next claimed that the damages are excessive. The verdict was for $297.25, and the jury added interest, amounting to $34.19, making in all $331.44. There was evidence tending to show that there were 444⅓ bushels of potatoes, and that they were worth 75 cents per bushel. This would amount to $331, without any interest. We think the jury had a right to add interest from the day of the conversion. It is true, there was some evidence, also, that some of these potatoes were rotten, and that they were not worth 60 cents per bushel. But, as the court below properly held, the burden rested heavily upon the defendants to show that the potatoes were damaged. The plaintiff had no opportunity to inspect these potatoes when they were taken from him against his will. There was no one upon the ground who watched his interest, or who observed for him either their condition or quantity. Under such circumstances, the jury

were justified in finding for him the highest price and the largest quantity proved, so that the wrong-doers could not, under any phase of the case, profit anything by their acts. The jury will in all such cases solve all doubts most strongly against the defendants. *Tea* v. *Gates,* 10 Ind. 164. We can not interfere with the verdict on account of excessive damages.

The third instruction to the jury is assailed. In it the court charges, in substance, that, unless the jury are satisfied that the plaintiff ratified the acts of the defendants in converting his property and applying the proceeds to the payment of his debt to the Standard Oil Company, they should find for the plaintiff.

It is objected that this charge took from the jury the defence of payment. It is true there was a plea of payment, but there was no evidence whatever that Taylor had ever been paid for the potatoes thus converted. It was therefore not necessary for the court in this instruction to direct the attention of the jury to the question of payment.

It is also insisted that this instruction took from the jury the question whether Carpenter had not the right to sell the potatoes. There was no question of that kind. If such were the fact, it devolved upon the appellants to prove it. But their evidence proves the contrary. Carpenter himself, who was the appellants' witness, did not pretend to have any such authority. He said 'he sold the potatoes because they were being rapidly injured by freezing.

Upon cross-examination of the plaintiff the counsel for defendants asked him the general question whether Carpenter was his agent for the purpose of handling any goods for him in the fall of 1887, and also whether he conveyed any goods to him, by a bill of lading, written contract, or otherwise, in the fall of 1887.

The court excluded the answers to these questions unless the inquiry was limited to the goods in controversy. In this ruling we can discover no error. The bare statement fur-

nishes an adequate reason in support of the court's action. These are all the questions discussed by appellants' counsel.

Judgment affirmed.

Filed October 1, 1891.