## DOWD v. ANDREWS ET AL.

[No. 10,612.    Filed February 24, 1922.]

1. DAMAGES.—*Liquidated.*—*Questions of Law.*—The question whether damages specified in a contract to be paid upon its breach are liquidated damages or a penalty is purely a question of law.    p. 629.

2. DAMAGES.—*Contract.*—*Breach.*—*Stipulation for Payment of Damages.*—*When deemed Liquidated Damages.*—When the nature of the contract is such that upon a breach thereof the resulting damages will be uncertain and difficult of proof, and the amount of damages fixed by the parties in the contract, is not greatly disproportionate to the loss likely to be occasioned by the breach, the sum 'specified will be treated as liquidated damages.    p. 630.

3. DAMAGES.—*Contract.*—*Breach.*—*Stipulation for Payment of Damages.*—*Construction.*—*Liquidated Damages.*—Where, under a contract for the exchange of lands which provided that in event of a breach of the contract the defaulting party should forfeit to the other $1,000 as liquidated damages in lieu of any equitable remedy for specific performance, defendant agreed to assume mortgages of $35,000 on plaintiff's land and to loan plaintiff $5,000, *held* that the amount named in the contract to be paid upon a breach thereof, was liquidated damages, the loss resulting from such breach being uncertain and difficult to estimate, and the amount named not being disproportionate to the damages which might be occasioned by a breach of the contract.    p. 630.

4. DAMAGES.—*Contract.*—*Breach.*—*Stipulation for Payment of Damages.*—*Construction.*—*Liquidated Damages.*—An express stipulation that the payment of a specified sum of money by a party in default in a contract for the exchange of lands shall be in lieu of any equitable remedy for specific performance indicates that such payment was intended as liquidated damages, and not as a penalty to secure the performance of the contract.    p. 631.

5. TRIAL.—*Special Findings.*—*Embodying Conclusions of Law.*—In an action on a contract for the exchange of lands which stipulated that, in event of a breach, the defaulting party was to pay a specified sum of money as liquidated damages, a statement by the trial court in its finding that such specified sum must be construed to be a penalty, was not a finding of fact, but a conclusion of law, which must be disregarded.    p. 632.

6. FRAUDS, STATUTE OF.—*Contracts for Sale of Lands.*—*Description.*—*Sufficiency.*—*Parol Evidence.*—*Admissibility.*—The stat-

ute of frauds does not require that a contract for the sale of lands shall be sufficient to identify the lands, but only that it furnish the means of identification, in which event parol evidence is admissible to identify. p. 632.

7. FRAUDS, STATUTE OF.—*Contract for Exchange of Lands.*— *Description.*—*Sufficiency.*—In a contract for the exchange of lands, recitals that defendant was the owner of a tract of land containing 200 acres three miles southwest of a named city, which he agreed to convey, furnish a description which, though incomplete, provides a sufficient means of identification. p. 632.

8. FRAUDS, STATUTE OF.—*Contract for Exchange of Lands.*— *Breach.*—*Complaint.*—*Sufficiency.*—In an action for breach of a contract for exchange of land which was incompletely described, it is not necessary to the sufficiency of the complaint that it allege that defendant owned but one tract of land which would answer to the description contained in the contract, as the ownership of other land would be a matter of defense. p. 632.

From Starke Circuit Court; *Oscar B. Smith,* Special Judge.

Action by Jeremiah W. Dowd against Emery Andrews and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Orville W. Nichols,* for appellant.

*R. G. Real* and *William J. Reed,* for appellees.

REMY, J.—Appellant being the owner of certain real estate located in the State of Illinois, entered into a written contract with appellee Andrews for the exchange of such real estate for lands of Andrews located in the State of Indiana. The contract was executed in the former state, and contained the following stipulation:

"It is further agreed by and between the parties hereto that if either party fails to perform his part of this agreement as herein specified, he shall forfeit to the other the sum of one thousand dollars, which it is agreed shall be liquidated damages for any such failure to perform, and which shall be in lieu of any equitable remedy for specific performance."

Andrews having failed to carry out the contract, and having expressly refused so to do, appellant commenced this action to enforce the payment of the $1,000 specified in the contract as liquidated damages. The complaint is in three paragraphs. The first charges that appellant was at all times ready and willing to carry out the contract, that there was a breach by appellee Andrews, and concludes with a prayer for judgment for the damages stipulated. The second paragraph charges that Andrews, with intent to cheat and defraud appellant, conveyed the Indiana real estate described in the contract to appellee Hamilton, and asks that the conveyance be set aside as fraudulent. The third paragraph is substantially the same as the second. Demurrers to each paragraph of complaint were overruled. There was an answer by appellees Andrews and Hamilton, hereinafter referred to as the appellees, in three paragraphs, the first being a denial. The second and third paragraphs of answer set up that the sum of $1,000 designated in the contract as liquidated damage is, and was intended by the parties to be, merely a penalty to insure the prompt performance of the contract. There was a trial by the court, and at the request of the parties the court made a special finding of facts and stated its conclusions of law thereon. The conclusions were in favor of appellees, and judgment was rendered accordingly.

It is urged by appellant that the trial court erred in each of its conclusions of law, and in overruling the motion for a new trial.

The important question presented by this appeal involves the construction of that provision of the contract relative to damages for breach. If the $1,000

1. stipulated is to be construed as a penalty, this cause must be affirmed. On the other hand if the $1,000 is construed as liquidated damages, the judg-

ment must be reversed.    The question is purely a question of law.    *Barber Asphalt, etc., Co.* v. *City of Wabash* (1909), 43 Ind. App. 167, 86 N. E. 1034; *Webster* v. *Bosanquet* (1912), Ann. Cas. 1912, 1019, note.

As was said by our Supreme Court in *Hamilton* v. *Overton* (1842), 6 Blackf. 206, 38 Am. Dec. 136: "Courts, not unfrequently, have found difficulty in drawing the line distinctly between penalties and liquidated damages."    The difficulty arises from the fact that there is no fixed rule by which all classes of cases may be governed.    The question must be governed in a great measure from the facts as they arise in each particular case.    *Streeper* v. *Williams* (1865), 48 Pa. 450. · There are, however, some general rules employed by the courts by which tests may be applied. These rules are discussed at length in a recent opinion of this court.    *Tudor* v. *Beath* (1921), 76 Ind. App. 526, 131 N. E. 848.    Among these rules the most important, perhaps, is that when the nature of the contract is such that upon a breach thereof the resulting damages will be uncertain and difficult of proof, and the amount of damages fixed by the parties is not greatly disproportionate to the loss likely to be occasioned by the breach, the sum will be treated as liquidated damages.    *Walker* v. *Bement* (1911), 50 Ind. App. 645, 94 N. E. 339.

The contract under consideration provides that Andrews was to convey his Indiana farm subject to two mortgages, one for $8,000 due December 1, 1919, and a second mortgage for $7,000.    Andrews was to take the second mortgage himself, and loan to appellant the sum of $5,000 in cash, appellant to get possession of the farm March 1, 1918.    Appellant was to convey his Illinois real estate subject to a first mortgage of $32,500, and a second mortgage of $2,500.    The first mortgage was due, $2,000 each year for three years, with balance due January 8, 1918.

These provisions show that the contract was not merely for the exchange of real estate. Mortgages were to be assumed by each party, and appellant was to receive a loan for $5,000 from Andrews. The damages sustained by appellant by reason of Andrews failing to relieve him of an incumbrance of $35,000, the financial loss he might have sustained because he did not receive the loan of $5,000 upon which he had a right to depend in adjusting his financial interests, and the loss of the bargain for the farm, are all elements of damage which the parties must have had in mind when the damages for the breach were fixed by the contract. It is clear that the damages which might result from a breach of the contract would be uncertain and difficult to estimate. Nor can it be said that $1,000 would be disproportionate to the damages which would result from a breach. We hold that the sum stipulated in the contract is recoverable as liquidated damages. *Jaqua* v. *Headington* (1888), 114 Ind. 309, 16 N. E. 527; *Madler* v. *Silverstone* (1909), 55 Wash. 159, 104 Pac. 165, 34 L. R. A. (N. S.) 1, and note; *Morse* v. *Rathburn* (1869), 42 Mo. 594; 97 Am. Dec. 359; *Holmes* v. *Holmes* (1851), 12 Barb. (N. Y.) 137.

A further reason in support of the conclusion we have reached is found in the language used by the parties in the clause of the contract which provides for the payment of damages in the event of a breach.

4.

"The distinction between a penalty and liquidated damages, briefly stated, has been said to be that the former is a security for, and the latter an amount to be paid in lieu of, the performance of the act to be done." 19 Am. and Eng. Ency. of Law 396. The parties by their agreement expressly stipulated that the $1,000 was to be paid by the defaulting party and "shall be in lieu of any equitable remedy for specific performance."

It is suggested by appellee that the trial court by its finding number twenty-two specifically found that the $1,000 designated in the contract as "liquidated damages" must be construed to be a penalty. This so-called finding of the court is not a finding of fact, but is a conclusion of law cast among the findings and must be disregarded. *Gas Light, etc., Co.* v. *City of New Albany* (1894), 139 Ind. 660, 39 N. E. 462.

Appellees have assigned as cross-errors the action of the court in holding each paragraph of complaint sufficient on demurrer. It is appellees' contention that the contract for exchange of real estate cannot be enforced for the reason that the description of the land, which under the contract Andrews was to convey, is not sufficiently definite to comply with the statute of frauds. The contract stipulates that Andrews "is the owner of two hundred acres of land three miles southwest of the city of Knox, Starke county, Indiana," which land Andrews, as one of his obligations under the contract, "agrees to convey" to appellant.

The law does not require that a contract for the sale of lands shall be sufficient to identify the lands. The contract is sufficient if it furnishes the means for identification. If it does furnish the means of identification, parol evidence is admissible for that purpose. *Ames* v. *Ames* (1910), 46 Ind. App. 597, 91 N. E. 509. It will be observed that the contract definitely states the number of acres in the tract, that Andrews is the "owner," and locates it as being "three miles southwest of the city of Knox, Starke county, Indiana." This description, though incomplete, furnishes the means of identification. *Colerick* v. *Hooper* (1852), 3 Ind. 316, 56 Am. Dec. 505; *Ames* v. *Ames, supra.* It is not necessary to the sufficiency of the complaint, that it contain the allegation Andrews owned but one tract of land of 200 acres in that particular locality. That

would be a matter of defense. *Howard* v. *Adkins* (1906), 167 Ind. 184, 78 N. E. 665.

The special findings of the court show that the conveyance of the Indiana real estate by Andrews to appellee Hamilton was in fact a mortgage and was made in good faith, and was not made to defraud appellant or anyone else. The contrary is not asserted or contended by appellant in his brief.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in accordance with this opinion, and render a personal judgment in favor of appellant against appellee Andrews for $1,000 and interest.