### DOTY v. DOWD ET AL.

[No. 12,536.   Filed October 6, 1926.]

1. APPEAL.—Where the sufficiency of the evidence to sustain a special finding is not presented on appeal, the facts found specially must be taken as true.   p. 183.

2. JUDGMENT.—*Entry on docket by trial court held not to constitute judgment so as to preclude rendition of judgment at subsequent term.*—An entry on the docket by direction of the court that the court stated another conclusion of law as directed by appellate tribunal in former appeal, followed by the words "judgment accordingly" did not show the rendition of a judgment where, at the time of making the entry, there was a question as to what the judgment should be, and the court directed attorney for the plaintiff to prepare the judgment, and instructed the clerk not to enter such judgment until directed by the court, and such entry would not preclude the rendition of a judgment at a subsequent term of court.   p. 183.

From Starke Circuit Court; *Arthur Metzler*, Special Judge.

Suit by Chauncey R. Doty against Jeremiah W. Dowd and others. From a judgment of dismissal, the plaintiff appeals. *Affirmed.* By the court in banc.

*William J. Reed* and *Murat W. Hopkins*, for appellant.

*Orville W. Nichols*, for appellees.

REMY, J.—In 1918, appellee Dowd commenced a suit against Andrews and Hamilton to recover damages for breach of a contract for exchange of real estate, and to

set aside as fraudulent a conveyance by Andrews to Hamilton of the real estate now claimed by appellant Doty in the case at bar. At the time Dowd commenced his suit against Andrews and Hamilton, he filed *lis pendens* notice. Trial of that cause resulted in a judgment for defendants from which Dowd appealed to this court; and on February 24, 1922, this court reversed the judgment, holding that, under the facts which had been found specially, Dowd was entitled to a judgment against Andrews for $1,000 and interest, but held that the conveyance from Andrews to Hamilton was valid. The mandate of this court was to restate the conclusions of law in accordance with the opinion "and to render a personal judgment in favor of appellant against appellee Andrews for $1,000 and interest." See *Dowd* v. *Andrews* (1922), 77 Ind. App. 627, 134 N. E. 294.

The decision and opinion of this court having been certified to the court which had tried the cause, that court, on June 8, 1922, made on its docket the following entry: "First. The court concludes the law to be that the plaintiff Jeremiah W. Dowd recover of and from defendant Emery Andrews the sum of $1,270, principal and interest. Judgment accordingly." At the time of making the entry, the question arose as to what the judgment should be and the court directed attorney for Dowd to prepare the judgment, but instructed the clerk of the court not to enter the judgment so prepared upon the order-book until further directed by the court, and if the parties could not agree the court would prepare the decree. The parties came to no agreement as to the judgment, but subsequently, and during the court vacation, the clerk of the court, at the suggestion of Andrews' attorney, made in the cause the following entry: "It is therefore ordered, adjudged and decreed by the court that the plaintiff Jeremiah Dowd recover of and from defendant

Emery Andrews the sum of $1,270 principal and interest, together with costs herein, taxed at $........"

Thereafter at the October, 1922, term of the court, the trial court made a further finding and rendered judgment, the entry of the finding and judgment in the order-book being as follows: "As ordered by the Appellate Court in its opinion in reversal of this cause, the court, in addition to its conclusions of law entered June 8, 1922, now concludes the law further as follows: Second. That the plaintiff have and hold a lien upon the real estate described in the special findings of fact, to wit:   *   *   *   subject to the mortgage lien of John R. Hamilton. It is, therefore, adjudged and decreed by the court that plaintiff have and hold a lien upon (the real estate here described) and that the same be sold subject to the mortgage lien of John R. Hamilton, to satisfy plaintiff's claim."

On January 8, 1923, on motion of Dowd, the vacation entry of judgment was by the court stricken from the record. Thereafter, a motion for a new trial having been overruled, Dowd caused an execution on the judgment to be issued and placed in the hands of the sheriff. Thereupon appellant commenced the suit at bar, which is a suit to enjoin the levy of the execution and sale of the real estate to satisfy the judgment. At the time the suit was instituted, the court issued a temporary restraining order. On the trial to determine whether the temporary order should be made permanent, the court, by a special finding of facts, at request of plaintiff, found the facts to be as above set forth, and stated its conclusions of law to be that the law was with defendant. The temporary restraining order was dissolved, and judgment was rendered for Dowd, dismissing the suit. From the judgment appeal is prayed to this court.

The only assignment of error presented by this appeal is the action of the court in its conclusions of law;

and in presenting the assignment, appellant bases his right to reversal upon one proposition, namely, that the jurisdiction of the court over its record ceases with the end of the term of court at which judgment was rendered.    It is argued that the action of the court on June 8, in the cause of *Dowd* v. *Andrews, supra,* was the rendition of judgment, a judgment in which no lien on the real estate was decreed; that the action of the court in October, 1922, being at a subsequent term of court, is a nullity; and that it must necessarily follow that the court should have enjoined the levy of execution and sale of the land.    There would be merit in appellant's contention if judgment had actually been rendered at the June term of court, but such is not the case.    The sufficiency of the evidence not having been presented for review, the facts found specially must be taken as true.    The court did not find that judgment was rendered in June, or during that term of court.    On the contrary, the court found that on June 8, when the entry on the court docket was made, "the question arose as to what the judgment should be," and that the court directed attorney for plaintiff in that case "to prepare the decree," but "instructed the clerk not to enter the order in the order-book until further directed by the court, and that if the parties could not agree the court would prepare the decree."    There was no agreement during the June term of court or at any time as "to what the judgment should be," and at the October term the matter being undisposed of, the court rendered its judgment, the judgment upon which levy of execution is now sought to be enjoined, and from which no appeal was prayed.

The court did not err in its conclusions of law.

Affirmed.