**RASBURY et al. v. HALE et ux.**

No. 3868.

Court of Civil Appeals of Texas. El Paso.

July 13, 1939.

Rehearing Denied July 29, 1939.

336

Runge & Lane and Alvin H. Lane, all of Dallas, for plaintiffs in error.

Ross Huffmaster, of Kaufman, for defendants in error.

HIGGINS, Justice (after stating the case as above).

The first proposition, stated briefly, is to the effect that the description contained in royalty deed from defendants in error to Joiner, Trustee, dated February 1, 1930, is sufficient to convey the one-fourth royalty interest in the land sued for by defendants in error.

In support of this position plaintiffs in error invoke the maxim falsa demonstratio non nocet and cite decisions applying the same. The jury, in response to issues 1 and 3, found that Hale and wife, by the deed mentioned, intended to convey a one-fourth royalty interest in the 2½ acre tract described in the petition of the defendants in error.

But the maxim invoked has no application unless, after rejection of the falsa, the other descriptive matter contained in the deed is sufficient to definitely locate some particular tract of land. Arambula v. Sullivan, 80 Tex. 615, 16 S.W. 436; McMurray v. Standley, Tex.Com.App., 1 S.W.2d 592.

With reference to the maxim it is correctly said in 14 Tex.Jur., Deeds, at Section 214:

"Where the premises are sufficiently described for purposes of identification, after eliminating some part of the description that is incorrect, the deed is read as if the misdescription were eliminated ·and effect is given to the remaining part of the description. Where the land is otherwise described with certainty, the maxim is falsa demonstratio non nocet, signifying that an erroneous description is harmless. * * *

"Where the remaining description, after rejection of the erroneous part, is insufficient to enable the land to be identified with certainty, the defect may not be cured by extrinsic evidence. Such evidence becomes important only when, after rejection of the false description, the remaining words of description enable the land to be definitely located."

The land described in the royalty deed from Hale and wife to Joiner can only be located by reference to the description contained in the deed from Thompson and wife to Hale of January 11, 1917. The falsa in that deed is in the particular description by metes and bounds, and if that falsa be disregarded the rest of the descriptive matter is wholly insufficient to locate any definite tract of land whatever. The maxim invoked, therefore, has no present application. See cases above cited.

■ The two royalty deeds under which plaintiffs in error claim are clearly insufficient as written to convey any interest in the 2½ acre tract described in the petition and cross action. Davis v. George, 104 Tex. 106, 108, 134 S.W. 326.

It is next insisted the royalty deed from Hale and wife to Joiner and the deed from Joiner to plaintiffs in error should be reformed by correcting the description in said deeds so as to embrace the 2½ acres in controversy because the undisputed evidence shows, and the jury found in response to issues 1 and 3, that Hale and wife had in mind and intended to convey to Joiner a one-fourth royalty interest in the 2½ acre tract in controversy and intended to include said tract in the deed from them to Joiner. It is asserted that this undisputed evidence and findings entitle plaintiffs in error to reformation of the deeds mentioned and correction upon the equitable grounds of either fraud or mistake.

■■ This position is untenable because:

(1) The jury, in response to the second issue, found there was no mistake, and the record shows no motion for judgment non obstante veredicto. In the absence of such a motion the trial Court could not disregard the second finding and render judgment in favor of plaintiffs in error.

(2) With respect to fraud, no issue was submitted or requested. It must, therefore, be assumed such issue was waived unless actionable fraud was shown by the undisputed evidence. We do not regard the evidence as so showing.

. (3) In order for plaintiffs in error to successfully defend against · the suit by Hale· and maintain their cross action against Hale and wife it was necessary for them to secure reformation and correction of the royalty deed from Joiner to plaintiffs in error. No issue relating to fraud or mistake in the execution of that deed was submitted or requested to be submitted, and such issues must be considered as waived. The evidence does not conclusively show plaintiffs in error entitled to reformation and correction of Joiner's deed to them upon the ground of mistake or fraud.

By their third proposition plaintiffs in error say that "as grantees of the original grantee from appellees they are subrogated to the right which their grantor had to have the deed from appellees to him reformed in order to correctly describe the two and one-half acres involved in this suit."

■ The rule of subrogation contended for is correct (36 Tex.Jur. p. 743), but it does not relieve· plaintiffs in error of the necessity of establishing the facts essential to their defense and the maintenance of their cross action. The third proposition presents no ground for reversal.

The fourth proposition announces a correct rule of law, but it presents no ground for reversal.

The fifth and sixth propositions are controlled by what has heretofore been said.

The seventh and last proposition asserts the second finding is in conflict with the first and third findings.

■ It is the duty of ·the Court to "reconcile apparent conflict in the jury's answers if this can be reasonably done in the light of the facts of the particular case, the pleadings and evidence." 41 Tex.Jur., Trial—Civil Cases, Sect. 360.

The apparent conflict, if it can properly be so regarded, which we doubt, is explained by the fact that the evidence wholly fails to show the intention of Mrs. Hale in executing the royalty deed to Joiner. Though the jury, in response to issues 1 and 3, made findings as to Mrs. Hale's intention, there is in fact no evidence from which it could be inferred she intended to convey any interest in the 2½ acre tract in controversy. The 2½ acres in controversy were a part of her homestead and reformation against her essential to the passing of title to Joiner by the Hale royalty deed. This state of the evidence is the probable explanation of the possible apparent conflict between findings 1 and 3 on the one part and finding 2 on the other.

The record presents no reversible error.

Affirmed.