LEHMAN ET AL. *v.* PIERCE ET AL.

[No. 16,614. Filed October 21, 1941.]

*Loring & Douglas,* of Valparaiso, for appellants.
*Ira C. Tilton,* of Valparaiso, for appellees.

FLANAGAN, J.—This action was brought by appellees to partition certain real estate alleged to have been conveyed by Winfield S. Pierce to appellant Dora P. Lehman in trust.

The trial court found the facts specially, filed its conclusions of law in favor of appellees, and entered its decree granting the relief prayed.

The facts as found by the court, in so far as they are pertinent to the determination of the questions presented by this appeal, are in substance as follows:

Appellant Dora P. Lehman is the daughter and appellee Earl Pierce is the son, of Winfield S. Pierce, who died on February 18, 1933, at the age of 83. Appellant Clarence D. Lehman is the husband of appellant Dora P. Lehman, and appellee Dorothy Pierce Slagle is the daughter of appellee Earl Pierce. On September 4, 1930, Winfield S. Pierce, then the owner of the real estate involved, conveyed it by warranty deed to Dora P. Lehman. The deed recited a consideration of $6,000.00, but no consideration was in fact paid. Subsequent to the execution of said deed, Winfield S. Pierce demanded that his daughter re-convey the property to him, which she refused to do.

However, on July 2, 1931, "for the purpose of satisfying him, that Earl Pierce would receive a share of said real estate," according to the finding of the trial court, she executed and delivered to her father the following instrument:

"I do hereby promise that in the disposition I may have of the property of my father, W. S. Pierce—that I shall endeavor to see first that Dorothy Pierce Slagle and John W. Lehman each have one thousand dollars.

"The remainder of the property is to be equally divided between myself and Earl Pierce.
                              "Dorothy Pierce Lehman."

John W. Lehman, mentioned in this memorandum, is the son of appellants.

After the death of her father she wrote, under different dates, letters addressed either to Earl Pierce or to "home folks," which letters were delivered to Earl Pierce, containing the following statements:

"I will do the right thing as soon as the farm is sold. He will get his money."

"I promised Pa that I would divide with you, and that is what I intend to do."

"You spoke to me about safeguarding your share of the farm. I have willed one-half of it to you, in case of my death."

"I have not been down town yet to get that matter of the farm fixed up, but I will get it done as soon as John graduates."

"At last I am sending copy of the will. I am sure you will be satisfied now that you are in no danger of losing the farm, if I should die."

"I am getting things fixed up so you won't have to worry about the farm getting away from you after I die."

The court further found that the farm referred to in said letters and the property referred to in said statement signed by appellant Dora P. Lehman is the real estate conveyed to Dora P. Lehman by the deed of September 4, 1930, and that she took possession of said real estate upon the death of her father and now asserts ownership by virtue of said deed.

The question presented is whether the facts so found establish the creation of a trust, express or implied.

Our statute, § 56-601, Burns' 1933, § 14734, Baldwin's 1934, governing the creation of express trusts concerning lands, reads as follows:

"No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."

This statute is to be construed as a rule of evidence rather than a rule of substantive law. The word "created" is given the meaning of "proved" or "manifested." An oral trust executed, as far as the settlor is concerned, in connection with the conveyance of real estate by a deed absolute on its face, is enforcible when proved or manifested by a writing or writings which satisfy the statute. It is not necessary that the deed or instrument in which the estate which is to be affected by the trust is granted, should also contain the declaration of the trust upon which the property is to be held. The statute is satisfied if the trust has been manifested or proved: (1) By any writing or writings signed by the settlor at the time of or prior to his parting with his title to the property involved, providing the fiduciary relations, terms, and conditions of the trust are set forth with sufficient certainty; or (2) by such writing or writings signed by the trustee at the time of the creation of the trust or after the time of its creation and before he divests himself of his legal estate in the involved property. The writing or writings must give a correct picture of the oral trust actually agreed upon and contain the trust terms which were in fact fixed. But the writings are to be read in their setting, and the court may be aided by oral evidence as to the position, situation, circumstances, and surroundings of the parties at the time of the execution of the deed and the writings. Bogart on Trusts, § 81 to § 90, p. 282 to p. 321; *Ransdel* v. *Moore* (1899), 153 Ind. 393, 53 N. E. 767; *Nesbitt* v. *Stevens* (1903), 161 Ind. 519, 69 N. E. 256; *Kintner* v. *Jones* (1889), 122 Ind. 148, 23 N. E. 701.

Under their exceptions to the conclusions of law, appellants contend: (1) That appellant Dora P. Lehman could only create an express trust in the involved

real estate by an instrument in writing; (2) that the language in the memorandum of July 2, 1931, shows that what is contemplated is a division of property, and not that any of the persons named in the instrument should have an equitable interest in all of the property; (3) that it is a mere promise to do something in the future; and (4) the writings do not describe the real estate, but that the memorandum of July 2, 1931, refers specifically to the "property of my father" and therefore excludes the involved real estate because it had already been conveyed to appellant Dora P. Lehman.

In connection with the above contentions 1, 2, and 3, it should be noted that, if a trust was created, Dora P. Lehman did not by her writings create the trust. It was created by Winfield S. Pierce as settlor with Dora P. Lehman as trustee, at the time of the conveyance of the involved real estate to her. But, being an oral trust, it was unenforcible until she, as trustee, created the writings which provided the proof required to satisfy the statute. By her writings, she created nothing but the required proof.

True, the instrument of July 2, 1931, refers to a division of property; but it is the division, required under the terms of the trust, of the property conveyed to her for that purpose.

It is true also that the provision in the memorandum, "that in any disposition I may have of the property of my father, W. S. Pierce—that I shall endeavor to see first that Dorothy Pierce Slagle and John W. Lehman each have one thousand dollars," is indefinite. But the next provision, "The remainder of the property is to be equally divided between myself and Earl Pierce," is clear and definite. We think the memorandum, read as a whole in the light of the cir-

cumstances of the case, should be construed to mean that the two grandchildren should have an interest in the real estate to the extent of $1,000.00 each, and the two children, the balance equally.

It is also true that this memorandum constitutes a promise to do something in the future, but that something is the carrying out of the terms of the trust as previously created, if one was effectively created.

The provision, "property of my father," in the memorandum of July 2, 1931, and the references to "the farm" in the other statements are found by the trial court to refer to the real estate of her father conveyed to appellant Dorothy P. Lehman by the deed of September 4, 1930; and the sufficiency of the facts to sustain this finding is not challenged. The only question therefore remaining under appellants' above fourth contention is whether the involved writings sufficiently satisfy the statute to permit the introduction of oral evidence to identify the real estate.

The property is described in the memorandum of July 2, 1931, as the "property of my father." Each of the other statements refer to "the farm."

It has been held in this state that it is not the office of a description to identify land, but to furnish the means of identification; and upon the application of the maxim, "That which may be made certain is certain," an indefiniteness or ambiguity that may be made certain or clear by such explanatory evidence as is admissible under the rules of evidence, is not to be treated as vitiated. *Warner* v. *Marshall* (1906), 166 Ind. 88, 107, 75 N. E. 582; *Ames* v. *Ames* (1910), 46 Ind. App. 597, 601, 91 N. E. 509.

So if the description in a writing offered to meet the requirements of the statute of frauds, is consistent,

but incomplete, and its completion does not require the contradiction or alteration of that given, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property. *Howard* v. *Adkins* (1906), 167 Ind. 184, 78 N. E. 665; *Ames* v. *Ames, supra; Tewksbury* v. *Howard* (1893), 138 Ind. 103, 37 N. E. 355; *McFarland* v. *Stansifer* (1905), 36 Ind. App. 486, 76 N. E. 124; *Dowd* v. *Andrews* (1922), 77 Ind. App. 627, 134 N. E. 294.

In the case of *Colerick* v. *Hooper* (1852), 3 Ind. 316, in which the property was described as " 'my lot . . . . on plat in . . . South Bend . . . on river bank,' " it was held that parol evidence was admissible to point out the lot.

In *Torr* v. *Torr* (1863), 20 Ind. 118, the range was omitted, but the name of the owner was given. It was held proper to show by parol that the owner named had no other land in the named county and then identify the property by parol.

In *Warner* v. *Marshall, supra,* the property was described as "the lots in this half block that your uncle traded for" and "my home." Parol evidence was held admissible to identify the real estate.

In *Howard* v. *Adkins, supra,* the property was referred to as " '. . . 120 acres of land, more or less, owned by Daniel V. Howard of Dana, Indiana, and located about three miles west of Winamac, Pulaski county, Indiana, in sections seventeen and eighteen, township thirty north, of range two west, . . .' " It was held that the property could be identified by parol evidence and that it was not necessary to allege that only one such tract was owned by said Howard in the described sections, but that if said Howard owned more

than one such tract it was a matter of defense to be set up in an answer.

In *Dowd* v. *Andrews, supra,* the contract stipulated that Andrews " 'is the owner of two hundred acres of land three miles southwest of the city of Knox, Starke County, Indiana,' " which he agreed to convey. It was held that parol evidence was admissible to identify the land and that it was not necessary to the sufficiency of the complaint that it contain an allegation that Andrews owned but one tract of 200 acres in that particular locality, that being a matter of defense.

In *Ames* v. *Ames, supra,* the property was described as " '. . . all of her interest in the real estate formerly owned by Augustus Ames, deceased, . . .' " It was held that parol evidence was admissible to identify the property.

We think the descriptions in the instant case bring it clearly within the above class of cases. Though incomplete they furnish the means of identification and could properly be supplemented by parol evidence to identify the property.

The writings signed by Dora P. Lehman all clearly relate to the same transaction, contain the essential terms of the oral trust agreed upon, and satisfy the requirements of the statute.

The demand of the settlor for reconveyance to him, the giving of the memorandum of July 2, 1931, to him by the trustee *for the purpose of satisfying him that Earl Pierce would receive a share of said real estate,* and her later acknowledgment of the promise made to her father that she would divide with Earl Pierce, are inconsistent with any purpose that she should receive the whole estate, and are consistent only with the conclusion that an oral trust was in fact created.

The facts, as found by the trial court, establish the creation of an express trust. We find no error in the conclusions of law.

Under their motion for a new trial, appellants contend that the decision of the court is not sustained by sufficient evidence and is. contrary to law for the reasons: (1) That Dora P. Lehman could not create an express trust without her husband joining; and (2) the decision operates to deprive the husband of Dora P. Lehman, appellant Clarence D. Lehman, of his statutory interest in the property involved without his consent.

As to the first contention, it is sufficient to call attention to our previous discussion of the fact that Dora P. Lehman did not by her writings create a trust but merely created evidence to prove the oral trust already created by her father.

As to the second contention, the husband was not deprived of any interest in the property for the reason that a husband acquires no interest in real estate conveyed to his wife in trust. *Moore* v. *Cottingham* (1883), 90 Ind. 239.

Judgment affirmed.

NOTE.—Reported in 36 N. E. (2d) 952.