DeLONG ET AL. *v.* STARKEY ET AL.

[No. 17,986. Filed May 9, 1950.]

*Barney H. Fears* and *Frank Seidensticker*, both of Indianapolis, for appellants.

*Johnson, Zechiel & Johnson,* of Indianapolis, for appellees.

CRUMPACKER, J.—On February 4, 1930, Mary E. Starkey, a widow, was the owner of the West Half (W½) of the Northwest Quarter (NW¼) of the Southwest Quarter (SW¼) of Section 4, Township 16 North, Range 2 East, in Marion County, Indiana. She died September 2, 1933, leaving two children, the appellee Albert A. Starkey and the appellant Nellie M. DeLong, as her sole and only heirs at law. Albert A. Starkey and his wife Ella claim title to the above described real estate through a warranty deed dated February 4, 1930, from Mary E. Starkey to them as tenants by entireties. Nellie M. DeLong contends that said deed is so defective in its description of the land involved that it conveys nothing and that upon the death of her mother she inherited an undivided one-half thereof. This situation prompted the appellee to bring this suit against the appellant Nellie M. DeLong and her husband William O. DeLong who is joined as a party merely as such husband. Its purpose is to quiet the appellees' title, both legal and equitable, to said real estate as against the above described claim of Nellie DeLong. The case was tried to the court, facts were found specially, conclusions of law favorable to the appellees were stated thereon and judgment rendered quieting the appellees' title as prayed for.

The appellants contend that no judgment could be rendered quieting the appellees' title, based upon a fatally defective deed, without first reforming said deed. That the appellees neither sought reformation nor did the court decree the same and therefore the judgment is erroneous. In support of this proposition the appellants refer us to four cases. One was an attempt to foreclose a mortgage on land not described in said mortgage; another was an action to quiet an equitable title which failed for lack of proof; the other two

involved deeds in which land not intended to be conveyed was described. We fail to see the present application of these cases.

As a general rule it may be said that it is not the office of the description of the land involved in a deed to identify such land but rather to furnish ▮▮▮ means of identification. Through the application of the maxim, "That which may be made certain is certain," ambiguity and indefiniteness in the description of land may be made clear and certain by such explanatory evidence as is admissible under the rules of evidence. If this can be done the description is sufficient. *Lehman* v. *Pierce* (1941), 109 Ind. App. 497, 36 N. E. 2d 952. On the other hand a deed of real estate, the description of which is impossible of ascertainment, is void and can afford no basis for an action to quiet the legal title to the land involved. *Edens* v. *Miller* (1897), 147 Ind. 208, 46 N. E. 526. Thus it becomes necessary to examine the deed in suit. It describes the property involved by metes and bounds and the starting point is the Northeast Corner of the West Half (W½) of the West Half (W½) of the Southwest Quarter (SW¼) of Section 4, Township 16 North, Range 2 East. From there the course is south "with the East Line of the West Half of said Quarter Section." But the "East Line of the West Half of the said Quarter Section" is 40 rods east of the starting point and a course south from such point and along such line is impossible. Therefore the appellant says that, to make the description intelligible, the starting point must be moved 40 rods east and when that is done and the metes and bounds description followed, the land described is a 20 acre tract lying immediately east of that to which the appellees seek to quiet title.

It is undisputed as to what land the grantor intended to convey and it is also undisputed that the starting point described in the deed is the "Northeast Corner" of that land. The course is "thence south," which means *parallel* with and not *along* "the East Line of the West Half of said Quarter Section," 20 chains and 9 links, thence west 10 chains and 4 links, thence north 20 chains and 12 links and thence east 10 chains and 3 links to place of beginning. When so construed every word in the deed is given intelligent effect and the property described, with minor discrepancies, is the West Half (W½) of the Northwest Quarter (NW¼) of the Southwest Quarter (SW¼) of Section 4, Township 16 North, Range 2 East, which admittedly the grantor intended to convey and to which the appellees now seek to quiet their title. We can see no justification in construing the word "with" as meaning "along" when a course due south from the starting point must necessarily be parallel with the line described and not coincident therewith.

Furthermore the construction the trial court placed upon the deed in question is correct upon another theory. Having in mind the maxim *"falsa demonstratio non nocet, cum de corpore constat,"* the trial court may have rejected the words "with the East Line of the West Half of said Quarter Section" as false. Having done so the remaining descriptive matter in the deed definitely locates the tract of land involved. *Rasbury* v. *Hale* (1939), Texas Civ. App., 131 S. W. 2d 334. A description of land by metes and bounds, giving a definite starting point and thence by courses and distances that will close, is sufficient. *Meikel* v. *Greene* (1884), 94 Ind. 344.

The trial court concluded as a matter of law that the appellees are the owners in fee simple of the following described real estate: "Beginning at the Northwest Corner of the Southwest Quarter (SW¼) of Section 4, Township 16 North, Range 2 East, in Marion County, State of Indiana, running thence south with the West Line of said Quarter Section twenty (20) chains and sixteen (16) links, thence east ten (10) chains and four (4) links, thence north twenty (20) chains and twelve (12) links to the North Line of said Quarter Section, thence west ten (10) chains and three (3) links to the place of beginning," that the appellants' claim thereto is unfounded and without right and that the appellees are entitled to have their title quieted as against such claim. The appellants contend that these conclusions are erroneous because the description of the land used by the court appears nowhere in the record and, although a correct description of the land in controversy, "it has no basis in any evidence introduced." We see no merit in this contention. The land described is the same land the court concluded was conveyed to the appellees by the deed in controversy. The description merely uses a different starting point and rejects the false matter in said deed which tended to make it ambiguous.

It is our opinion that by her deed of February 4, 1930, Mary E. Starkey conveyed to the appellees the fee simple title to the land involved in this controversy and therefore the appellant Nellie M. DeLong inherited no part of it at her mother's death. Having so concluded a discussion of the equities pleaded in the second paragraph of the complaint and specially found by the court is unnecessary.

Judgment affirmed.

NOTE.—Reported in 92 N. E. 2d 228.